**Elizabeth HILL, Petitioner,**

v.

**PEABODY COAL COMPANY; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 03–3321.

United States Court of Appeals, Sixth Circuit.

April 7, 2004.

Elizabeth Hill, Drakesboro, KY, pro se.

Laura Metcoff Klaus, Mark E. Solomons, Greenberg & Traurig, Washington, DC, Patricia Nece, Barry H. Joyner, Washington, DC, Jeffrey S. Goldberg, Washington, DC, for Respondents.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.

Eva Elizabeth Hill, the widow of a coal miner, filed a pro se petition for review of a Benefits Review Board decision affirming the determination by an administrative law judge (an "ALJ") denying her claim for survivor benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. Because there was sufficient evidence in the record supporting the ALJ's decision to deny Mrs. Hill benefits, we affirm the determination of the Benefits Review Board.

Arthur L. Hill was born in 1921 and married the petitioner in 1947. Mr. Hill worked in the coal mines of western Kentucky for forty-one years until 1983 and smoked for fifty years before quitting in 1997. Mr. Hill was awarded black lung benefits in 1987. *See Peabody Coal Co. v. Hill,* 123 F.3d 412 (6th Cir.1997).

Mr. Hill was diagnosed with pancreatic cancer in February 2000 and underwent chemotherapy soon thereafter. At least four times during March and April. Mr. Hill was hospitalized with abdominal pain and nausea. During these hospitalizations. Mr. Hill's doctor noted that Mr. Hill had a history of chronic obstructive pulmonary disease and pneumoconiosis.

Mr. Hill was admitted to the hospital on May 7, 2000 after complaining of weakness and a cough; he was diagnosed with having pneumonia in his right lung. Mr. Hill died two days later on May 9, 2000. Dr. Armstrong listed "carcinoma of pancreas," "pneumonia," and "pneumonoconiosos" [sic] as the causes of Mr. Hill's death.

Several weeks later, Mrs. Hill, a Kentucky citizen, filed a survivor's claim for benefits under the black lung program. Mrs. Hill's claim was denied by the U.S. Department of Labor's Office of Workers' Compensation Programs ("OWCP") on October 3, 2000. Mrs. Hill appealed and received a hearing, and, on February 20, 2002, an ALJ denied her benefits after deciding that pancreatic cancer, a condition unrelated to black lung, caused her husband's death. Mrs. Hill appealed the ALJ's ruling to the Department of Labor's Benefits Review Board ("BRB"), but on January 28, 2003, the BRB affirmed the ALJ's decision. Mrs. Hill appeals that decision to this court and argues that the ALJ did not have sufficient evidence to conclude that pneumoconiosis did not hasten her husband's death.

This court reviews a decision in a black lung benefits case to determine whether it is "supported by substantial evidence and

was reached in conformance with applicable law." *Glen Coal Co. v. Seals*, 147 F.3d 502, 510 (6th Cir.1998). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wolf Creek Collieries v. Director, OWCP*, 298 F.3d 511, 519 (6th Cir.2002) (internal quotations omitted).

Survivors of miners may receive benefits if they can prove by a preponderance of the evidence that "(1) the miner had pneumoconiosis; (2) the miner's pneumoconiosis arose out of coal mine employment; and (3) the miner's death was due to pneumoconiosis." *Id.* at 520; 20 C.F.R. § 718.205(a). The first two criteria are not at issue in this case. With regard to the last element, this court has stated that:

> For claims filed after January 1, 1982, [20 C.F.R.] § 718.205(c) establishes three criteria by which a miner's death due to pneumoconiosis may be established: (1) where competent medical evidence establishes that pneumoconiosis was the cause of the miner's death, or (2) where pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis, or (3) where the presumption set forth at [20 C.F.R.] § 718.304 is applicable. 20 C.F.R. § 718.205(c). Pneumoconiosis is a "substantially contributing cause" of a miner's death *if it hastens the miner's death.* 20 C.F.R. § 718.205(c)(5). *See also, Brown v. Rock Creek Mining*, 996 F.2d 812, 815 (6th Cir.1993).

*Wolf Creek Collieries*, 298 F.3d at 520 (emphasis added). The focus of this appeal is whether pneumoconiosis hastened Mr. Hill's death. *See Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 757 (4th Cir.1999) ("The ultimate issue before the ALJ was whether 'pneumoconiosis' ... ac-

tually hastened [the miner's] death, notwithstanding that he would have died eventually of [pancreatic] cancer, and the ultimate issue before us is whether the ALJ's finding that it did is in accordance with law and supported by substantial evidence.").

The ALJ had sufficient evidence to determine that Mr. Hill died of pancreatic cancer and that black lung did not hasten his death. The ALJ relied on the decisions of three medical experts. First, Dr. Gregory J. Fino, who reviewed Mr. Hill's medical records, chest x-rays, and medical history, concluded that "carcinoma of the pancreas is a uniformly fatal condition. Coal workers' pneumoconiosis did not cause, contribute to nor hasten his death." Second, Dr. P. Raphael Caffrey also reviewed Mr. Hill's medical records and chest x-rays and issued a report, which stated that "the simple coalworkers' pneumoconiosis that Mr. Hill was said to have had definitely did not cause, contribute to, or hasten his death." Dr. Caffrey continued by opining that Mr. Hill's death was caused by pancreatic cancer and pneumonia and that smoking increases the risk of pancreatic cancer but that coal mining does not. Third. Dr. N.K. Burki responded to an OWCP inquiry letter by stating that Mr. Hill's "death was due to pneumonia and pancreatic carcinoma for which he was repeatedly admitted to the hospital. Neither of these 2 conditions is related to pneumoconiosis. There is no evidence that the pneumoconiosis contributed to, or hastened his death." The ALJ found these three reports to be "reasoned, documented, and supported by the evidence of record" and accorded Drs. Fino and Caffrey "substantial weight ... due to their superior diagnostic skills...."

Mrs. Hill's argument is essentially based upon the death certificate signed by Dr. Armstrong—her husband's treating physi-

cian—which listed pneumoconiosis as a cause of death. Dr. Armstrong never provided an explanation for his finding. Thus, the ALJ did not give much deference to Dr. Armstrong's opinion and found that pneumoconiosis was not a substantial factor or cause of Mr. Hill's death.

Last year, in light of the Supreme Court decision in *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003), this court concluded that, in black lung cases, "the testimony of the 'treating physician' receives no additional weight." *Eastover Mining Co. v. Williams,* 338 F.3d 501, 509 (6th Cir.2003). The court in *Eastover* stated that "in black lung litigation, the opinions of treating physicians get the deference they deserve based on their power to persuade." *Id.* at 513 "For instance, a highly qualified treating physician who has lengthy experience with a miner may deserve tremendous deference, where as a treating physician without the right pulmonary certifications should have his opinions appropriately discounted." *Id.* In addition, the Fourth Circuit has held that the simple notation on a death certificate that pneumoconiosis was a factor contributing to death without explanation is not enough to award survivor benefits. *Bill Branch Coal Corp. v. Sparks,* 213 F.3d 186, 192 (4th Cir.2000). Thus, Dr. Armstrong's listing of pneumoconiosis on the death certificate is insufficient evidence, by itself, in contrast with three more detailed doctor's opinions, for this court to conclude that the ALJ's decision was not supported by sufficient evidence.

Because the determination that pneumoconiosis did not contribute to Mr. Hill's death is supported by substantial evidence, we AFFIRM the ruling by the Benefits Review Board that sustained the decision of the administrative law judge denying survivor's benefits in this case.