NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0847n.06
Filed: November 17, 2006

No. 05-3680

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CUMBERLAND RIVER COAL COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| V. | ) | AN ORDER OF THE BENEFITS |
| | ) | REVIEW BOARD, |
| | ) | UNITED STATES DEPARTMENT |
| B.F. CAUDILL, *et al.*, | ) | OF LABOR |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: **BATCHELDER and SUTTON, Circuit Judges; FORESTER, Senior District Judge.**[*]

**KARL S. FORESTER, Senior District Judge**. Petitioner Cumberland River Coal Company ("Cumberland"), the responsible operator, seeks review of the final decision of the Benefits Review Board ("BRB") denying its petition for modification of an award of black lung benefits to retired coal miner B.F. Caudill ("Caudill") under the Black Lung Benefits Act, 30 U.S.C. § 901-945 (the "BLBA"). Cumberland argues that the Administrative Law Judge ("ALJ") (1) abused his discretion by denying its motion to compel Caudill to undergo a physical re-examination or authorize the release of his recent medical records; (2) erred in finding the

---

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

existence of pneumoconiosis (or "black lung disease"); and (3) erred in finding total disability due to pneumoconiosis. After a review of the record and the arguments presented on appeal, we affirm the BRB's final decision.

## I.

Caudill worked in Kentucky coal mines for twenty-seven years, twenty-three of those as a tipple operator, and as an underground cutting machine operator prior to that. Based on job descriptions, the ALJ determined that Caudill performed "Heavy Work," as defined by the Department of Labor. Caudill had (and continues to have) numerous health issues. He suffers from shortness of breath upon minimal exertion and has been diagnosed with chronic bronchitis, obstructive airway, hypertension, and other health problems. He also has had two or three heart attacks, back surgery, and a hip replacement. Finally, he smoked a pack of cigarettes a day for forty years, until he quit smoking in 1990.

Caudill filed for black lung benefits on October 23, 1992. His claim was denied on April 12, 1993, for failure to show that he had pneumoconiosis and Caudill requested a hearing. After a pre-hearing conference and based on medical evidence provided by Drs. Baker, Broudy, Chaney and Wright, the district director affirmed the initial findings and denied benefits. The formal hearing was held on February 9, 1995. Relying primarily on medical reports from Drs. Baker, Chaney, Sundarum, and Wright, the ALJ found that Caudill was suffering from a disabling respiratory impairment at least partially due to his coal dust exposure. Accordingly, he awarded Caudill black lung benefits.

Cumberland appealed the decision and on November 26, 1996, the BRB affirmed the ALJ's determination that the claimant had pneumoconiosis, but remanded the matter for review

of whether the medical evidence supported total disability. On remand, the ALJ documented the evidence supporting his finding of total disability. Cumberland again appealed, and on March 25, 1998, the BRB affirmed the ALJ's decision, noting it was supported by substantial evidence and there was no reversible error.

From 1992 until April of 1999, Caudill received Kentucky state black lung benefits that completely offset the federal benefit. As a result, Cumberland had no obligation to make payments on this award until the state's final payment in April of 1999, and Cumberland was ordered to commence benefit payments in May of 1999. On October 12, 1999, Cumberland submitted a Petition for Modification Proceedings pursuant to 20 C.F.R. § 725.310 (1999)[1] and 33 U.S.C. § 922,[2] alleging a mistake of fact in the award of benefits – specifically, that the prior findings of pneumoconiosis and total disability due to pneumoconiosis were in error – and seeking a new physical examination of Caudill, as well as other medical records. In support of its petition, Cumberland offered a medical report prepared by Dr. Branscomb, who opined that Caudill did not suffer from pneumoconiosis.

Cumberland filed motions to compel Caudill to comply with its discovery requests and its request to undergo a medical examination. On August 8, 2000, the ALJ denied those motions and subsequently denied Cumberland's motion for reconsideration and dismissed the case. On appeal, the BRB remanded, requesting that the ALJ consider new evidence provided by Cumberland to determine whether it had raised a credible issue about the validity of the original

---

[1]     All citations to the Code of Federal Regulations are to the current edition unless otherwise noted parenthetically.

[2]     The BLBA incorporated 33 U.S.C. § 922, which is section 22 of the Longshore and Harbor Workers' Compensation Act, pursuant to 30 U.S.C. § 932 and 20 C.F.R. § 725.310.

findings, and to hold a hearing as required by statute.

On April 10, 2003, the ALJ reviewed Cumberland's newly-submitted medical evidence, which included two additional x-ray readings and one additional medical report, but found that it was not substantially different than the evidence offered at the original hearings. Thus, the ALJ found that Cumberland had not offered evidence sufficient to justify a re-examination of Caudill or response to further discovery requests. The ALJ granted Cumberland's request for a formal hearing, and the modification hearing was held on July 22, 2003. After a full review of the entire case, on May 27, 2004, the ALJ found that Cumberland's evidence did not demonstrate a mistake in determination of fact in the previous adjudication and, therefore, denied Cumberland's request for modification. Cumberland again appealed, and on April 29, 2005, the BRB affirmed the ALJ's decisions. Cumberland filed the instant petition for review of the final BRB decision on June 6, 2005.

## II.

This court must affirm a final decision of the BRB unless it has committed legal error or exceeded its scope of review of the ALJ's factual findings. *Tennessee Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001). We will defer to the ALJ's factual findings if they are supported by substantial evidence and conform to the applicable law. *Martin v. Ligon Prep. Co.*, 400 F.3d 302, 305 (6th Cir. 2005). Thus, this Court must determine whether the BRB correctly concluded that substantial evidence supported the ALJ's decision. *Id.*

Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Peabody Coal Co. v. Groves*, 277 F.3d 829, 833 (6th Cir. 2002). To determine whether evidence meets this standard, the court must consider whether the ALJ

-4-

adequately explained its reasons for crediting certain testimony and documentary evidence over other testimony and documentary evidence. *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997). The question of whether we might have reached a different conclusion based on the facts in the record is irrelevant in our determination. *Groves*, 277 F.3d at 833.

**A.**

The statutory and regulatory regime applicable to Cumberland's modification request is complicated and requires some discussion in order to assist in effectively navigating the relevant provisions. The BLBA, found at 30 U.S.C. §§ 901-945, is a subchapter of the Federal Mine Safety and Health Act (the "FMSHA"). The FMSHA expressly states that, except as otherwise provided, sections 551 through 559 and sections 701 through 706 of the Administrative Procedure Act (the "APA") do *not* apply to its proceedings. *See* 30 U.S.C. § 956. Section 932 of the BLBA, found at 30 U.S.C. § 932(a), also incorporates certain provisions of the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), including 33 U.S.C. § 922, which governs the modification of awards. It authorizes the district director to review compensation awards in accordance with 33 U.S.C. § 919 and to issue a new compensation order "on the ground of a change in conditions or because of a mistake in determination of fact by the deputy commissioner . . . ." 30 U.S.C. § 932(a).

Section 919 provides that modification hearings conducted by ALJs must comply with section 554 of the APA, 5 U.S.C. § 554, which along with section 556, Cumberland argues, entitled Cumberland to discovery as a matter of right simply because it had filed a request for modification. Cumberland also argues that subsection (h) of § 919 required the ALJ in this case to order Caudill to submit to a new physical examination. In essence, Cumberland argues that

the APA's entitlement to a "de novo" hearing means Cumberland has a right to "de novo" discovery simply for filing a modification request.

We disagree. Nothing in section 554 of the APA requires an ALJ to order the discovery sought by Cumberland in the present circumstances. It provides only that an agency must give parties an opportunity for "the submission and consideration of facts, arguments, offers of settlement . . . ." 5 U.S.C. § 554(c)(1). Section 554 deals with the submission of evidence to the agency, not with its collection. Section 555 of the APA, which Cumberland does not mention, deals with the collection of evidence through issuance of agency subpoenas, but Cumberland is not an agency and therefore does not fall within that section's provisions.

There is an additional weakness in Cumberland's APA argument. The first link in the chain connecting the BLBA to the APA specifies that selected LHWCA provisions (an intermediary link) will apply "except as otherwise provided in this subsection *or by regulations of the Secretary . . . .*" 30 U.S.C. § 932(a) (emphasis supplied). The Secretary of Labor has, in fact, promulgated regulations detailing the modification procedure; therefore, the APA sections that Cumberland relies on simply do not apply. 20 C.F.R. § 725.310(b) provides that modification proceedings must be conducted in accordance with other appropriate provisions "of this part" and specifically describes the amount and kind of additional evidence that parties may submit during modification proceedings (although not how they should acquire it). These detailed provisions suggest that the APA serves only as a stop-gap in the absence of specific guidance from the Department of Labor, which guidance is provided here.

Cumberland also relies on 33 U.S.C. § 919(h), but it is equally unhelpful. It provides that

[a]n injured employee claiming or entitled to compensation shall submit to such

-6-

physical examination by a medical officer of the United States or by a duly qualified physician designated or approved by the Secretary *as the deputy commissioner [which is the same as the "district director"] may require. . . .* Such physician or physicians as the employee, employer or carrier may select and pay for may participate in an examination if the employee, employer or carrier so requests.

33 U.S.C. § 919(h) (emphasis supplied). Under this statute, the district director had discretion, but was not required, to order Caudill to submit to an examination, and nothing required Caudill to submit to an examination at Cumberland's direction. Furthermore, 30 U.S.C. § 932(a), which incorporates 33 U.S.C. § 919 into the BLBA, specifies that references in the LHWCA "to the employer shall be considered to refer to the trustees of the fund . . . ." So, even if the district director had compelled Caudill to undergo examination, the statute authorized participation by the trust fund, not by Cumberland.

One more regulation bears consideration. At the time of the BRB's decision, 20 C.F.R. § 718.404(b) (1999)[3] required a miner to present himself for examination only "where there is an issue pertaining to the validity of the original adjudication of disability." Because this regulation is the lynchpin in the BRB decisions about employer discovery, it is discussed further below.

Of the many decisions cited by the parties, three are relevant to our discussion. In *Selak v. Wyoming Pocahontas Land Co.*, BRB No. 97-0976 (June 7, 1999), the BRB affirmed an ALJ's refusal to grant an employer's motion to compel a medical examination of the claimant during modification proceedings. The BRB wrote that "[a]lthough the Director is required by statute to provide the *claimant* with a complete pulmonary examination, there is no corollary mandate that the Director must assist employer in pursuing the defense of a claim or to develop evidence on

---

[3]     This regulation is now found in substantially identical form at 20 C.F.R. § 725.203(d).

-7-

modification." *Id.* (citations omitted) (emphasis in original). However, the BRB noted that the employer had not complied with 20 C.F.R. § 718.404(b) (now 20 C.F.R. § 725.203(d)) because it had failed to prove a mistake in fact or a change in condition; therefore, the BRB did not address whether the employer had a right to an examination upon giving sufficient notice to the claimant. The BRB agreed "with the Director that Section 718.404(b), which would require a claimant to submit to medical examinations in circumstances such as these, was written to facilitate modification; this provision exists to aid in discovery, and is available to employer to facilitate the presentation of its case on modification." *Id.* The BRB also noted that "an attempt [by way of reopening the case on modification] to rectify failed tactical judgment would almost never warrant a finding that reopening a claim would render justice under the Act." *Id.* (citations omitted).

A subsequent case, *Stiltner v. Wellmore Coal Corp.*, 22 Black Lung Rep. 1-37, BRB No. 98-0337 (June 22, 1999), was more succinct. It held that where the employer did not allege a change in condition but merely disagreed with the manner in which the evidence was previously weighed, the ALJ did not err by refusing to compel a medical examination of the claimant. Although the employer argued that 20 C.F.R. § 718.404(b) (1999) granted it an absolute right to a medical examination, the BRB held that the "employer is not entitled to an absolute right to subject claimant to discovery requests [including re-examinations] and further interrogatories pursuant to a request for modification." *Id.* at 1-42.

The parties also look to *Old Ben Coal Co. v, Director, OWCP*, 292 F.3d 533 (7th Cir. 2002). In that case, an ALJ refused to compel a widow who was receiving survivor benefits to release her husband's autopsy results during a modification proceeding. *Id*. at 548. The Seventh

Circuit wrote:

> The regulations implementing the Act are not silent with respect to a miner's obligation to cooperate under these circumstances. Looking first to the regulation governing modification proceedings, 20 C.F.R. § 725.310(b) (2001) provides that "[m]odification proceedings shall be conducted in accordance with the provisions of this part as appropriate . . . ." Included in Part 725 is § 725.414 which states in relevant part that "[i]f a miner unreasonably refuses . . . [t]o provide the Office or the designated responsible operator with a complete statement of his or her medical records . . . the miner's claim may be denied by reason of abandonment." 20 C.F.R. § 725.414(a)(3)(i) (2001). According to the regulations, therefore, the requirements of § 725.414 apply to modification proceedings.

*Id*. (footnote omitted). The court then remanded the case to the ALJ for a determination of whether the widow's refusal to turn over the autopsy records was reasonable. *Id*.

Cumberland argues that *Old Ben* and *Selak* support its position and that Caudill's refusal to submit to examination and release his medical records was unreasonable. With all due respect to the *Old Ben* court, we take a different view of the regulations. 20 C.F.R. § 725.414, which the *Old Ben* court reads to require Caudill to submit to a new medical examination and turn over recent medical records, must be read in light of 20 C.F.R. § 725.401. Section 725.401 provides that subpart E, which is where § 725.414 is found, deals with the district director's adjudication of "claims." The term "claim" is defined in § 725.101(a)(10) as "a written assertion of entitlement to benefits under section 415 . . . ." In light of that definition, a modification of an award is not an adjudication of a "claim;" rather, it is the *reconsideration* of such an adjudication. *See also* 20 C.F.R. § 725.310(a) (stating that, at the request of any party, the district director may "*reconsider* the terms of an award or denial of benefits") (emphasis supplied). Therefore, we conclude that it is not appropriate to apply § 725.414(a)(3)(i) to modification proceedings as the *Old Ben* court did.

Instead, we look to § 725.310(b), which provides that the parties "shall each be entitled to submit no more than one additional chest X-ray interpretation, one additional pulmonary function test, one additional arterial blood gas study, and one additional medical report . . . along with such rebuttal evidence and additional statements as are authorized by paragraphs (a)(2)(ii) and (a)(3)(ii) of § 725.414." The portions of § 725.414 that are specifically incorporated into modification proceedings by § 725.310(b) apply only to *rebuttal* evidence, which means that in the present case, they applied to Caudill rather than Cumberland. Only if Caudill had submitted rebuttal evidence would the provisions have had any meaning for Cumberland. The §725.414 provision cited by the Seventh Circuit in *Old Ben* is not among those incorporated by § 725.310(b), and thus we do not believe it applies to modification proceedings.

In summary, we agree with the BRB that the ALJ did not err when he refused to compel discovery. The submission of additional evidence in this modification proceeding was governed by two provisions: 20 C.F.R. § 310(b), which provides a list of items that the parties may submit, and former 20 C.F.R. § 718.404(b) (1999) (now 20 C.F.R. § 725.203(d)), which requires a miner to submit to a physical examination only "where there is an issue pertaining to the validity of the original adjudication." Neither of these provisions requires the district director or an ALJ to compel a miner's compliance with an employer's discovery request in modification proceedings. Neither are they prevented from doing so. The matter is discretionary. In this case, the ALJ found that discovery was unnecessary because Cumberland's request for modification did not cast doubt on the original disability determination and because Caudill's testimony indicated that, if anything, his condition had deteriorated. Consequently, we find that the ALJ did not abuse his discretion by denying Cumberland's request to compel Caudill's compliance.

B.

Cumberland also challenges the ALJ's findings that Caudill had pneumoconiosis and that he was totally disabled due to the pneumoconiosis. We have examined the merits of Caudill's claim by independently reviewing the record and considering the parties' arguments. We find – as did the BRB – that the ALJ's decision to award benefits is supported by substantial evidence and is in accordance with law and we affirm as to the merits on the reasoning of the BRB.

**III.**

Based on the foregoing, we AFFIRM the decision of the BRB.