NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0254n.06

Case No. 16-4152

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
May 03, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| GRAYSON COAL & STONE COMPANY, INC.; LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | ON PETITION FOR REVIEW OF |
| Petitioners, | ) | AN ORDER OF THE BENEFITS |
| | ) | REVIEW BOARD, UNITED |
| v. | ) | STATES DEPARTMENT OF |
| | ) | LABOR |
| CHARLES ROBERT TEAGUE; DIRECTOR, | ) | |
| OFFICE OF WORKERS' COMPENSATION | ) | |
| PROGRAMS; UNITED STATES | ) | |
| DEPARTMENT OF LABOR, | | |
| | | |
| Respondents. | | |

_____/

Before: MERRITT, BATCHELDER, and CLAY, Circuit Judges.

**MERRITT, Circuit Judge.** This case is an appeal of a decision by the Benefits Review Board ("Board"), United States Department of Labor, under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq*. The Administrative Law Judge based his decision to award benefits on the fact that three of the five doctors in the case found that coal mining contributed to the claimant's disabling black lung disease, and was particularly persuaded by the opinion of one of the doctors, Dr. Antoine G. Habre. The Board upheld the Administrative Law Judge's award of benefits to Respondent, Charles Robert Teague, who worked in the Kentucky coal industry for

Petitioner, Grayson Coal & Stone Company, Inc. ("Grayson Coal"). Grayson Coal and Petitioner Liberty Mutual Insurance Company now appeal the Board's decision, claiming that the Administrative Law Judge's findings did not follow the necessary procedures and were not supported by substantial evidence. Because the Board properly upheld the award of benefits, we affirm.

## I. Factual and Procedural History

Charles Robert Teague ("Teague") worked as a coal miner for 9.22 years from 1978–1989. During that time he was employed in Kentucky by Grayson Coal. On April 22, 2010, Teague filed this claim for benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1977 ("Act").[1] The Act provides benefits to coal miners who become disabled due to pneumoconiosis, better known as "black lung." 30 U.S.C. § 901. Pneumoconiosis is defined as a "chronic dust disease of the lung . . . including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b).

To establish an entitlement for benefits under the Act, a miner must prove that (1) he has pneumoconiosis, (2) the pneumoconiosis arose out of coal mine employment, (3) he is totally disabled, and (4) the pneumoconiosis contributes to his total disability. 20 C.F.R. § 725.202(d)(2). On December 11, 2010, the District Director of the Office of Workers' Compensation Programs, United States Department of Labor, concluded that Teague was entitled to benefits and that Grayson Coal was the operator liable for payment. Grayson Coal

---

[1] Teague previously filed a claim for benefits on May 20, 2002. That claim was denied because an Administrative Law Judge found that Teague failed to establish an entitlement to benefits. The denial was affirmed by the Benefits Review Board. *Teague v. Grayson Coal & Stone Co., Inc.*, BRB No. 05-0757 BLA (Jan. 31, 2006) (unpub.). Miners may file claims under the Act even after a final order denying benefits, since pneumoconiosis is known to be a latent and progressive disease. *See Buck Creek Coal Co. v. Sexton*, 706 F.3d 756, 758 (6th Cir. 2013) (citing 20 C.F.R. § 725.309).

subsequently appealed, and the claim was referred to the Office of Administrative Law Judges, United States Department of Labor.

On August 6, 2013, an Administrative Law Judge held a hearing on the claim. The Judge considered Teague's statements and medical history concerning his serious respiratory impairments. Teague attributed his affliction to the coal mine dust he inhaled as a "driller" and "blaster" for Grayson Coal. The Judge also found that Teague "smoked cigarettes for a substantial amount of time[.]" However, the Judge declined to make an exact finding as to the length and frequency of Teague's smoking due to inconsistencies in the record.

On September 18, 2014, the Administrative Law Judge found that the medical evidence established that Teague was totally disabled due in substantial part to pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4). Section 718.202(a)(4) is a federal regulation that sets out one of the ways in which a fact-finder may make a determination as to the existence of pneumoconiosis in awarding employee benefits:

> A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative X–ray, finds that the miner suffers or suffered from pneumoconiosis as defined in § 718.201. Any such finding must be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories. Such a finding must be supported by a reasoned medical opinion.

20 C.F.R. § 718.202(a)(4).

In weighing the medical evidence presented to him, the Judge assigned less probative weight to the physicians in the record whose findings were "contrary to the [] findings on the record as a whole[,]" and more weight to the findings of a physician who testified on behalf of Teague, Dr. Antoine G. Habre. In so doing, the Judge assigned relatively less importance to the conclusions of four other physicians: one on behalf of the Department of Labor, two on behalf of

Grayson Coal, and another on behalf of Teague. These physicians had varying opinions on whether Teague was completely disabled and whether his affliction was due to pneumoconiosis. Drs. Forehand and Gallai diagnosed pneumoconiosis, while Drs. Broudy and Rosenberg diagnosed cigarette smoking-induced chronic obstructive airway disease. However, the Judge did not disregard the testimony of any of the physicians, but rather analyzed the evidence by assigning more probative weight to the conclusions that he assessed were well-reasoned. Consequently, the Judge gave relatively more weight to Dr. Habre, who also diagnosed pneumoconiosis, because Habre's conclusions were "well-reasoned" and "based on objective medical testing, his personal examination of [Teague], and [Teague's] medical and occupational histories." Thus, the Judge concluded, "[w]eighing all of the medical opinion evidence together, and giving the most weight to Dr. Habre, I find that the Claimant has established by a preponderance of the evidence that pneumoconiosis is a substantially contributing cause of his disability[.]"

Grayson Coal and Liberty Mutual Insurance Company subsequently appealed the Administrative Law Judge's decision to the United States Department of Labor Benefits Review Board ("Board"). Grayson Coal argued that the Administrative Law Judge erred in finding that the medical evidence established the existence of legal pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4). It claimed that the Administrative Law Judge should not have relied on the opinion of Dr. Habre, and that the Judge did not set forth a specific finding regarding the length of Teague's smoking history. On July 21, 2015, the Board rejected these arguments and upheld the order of the Administrative Law Judge, finding that the Judge's decision was supported by substantial evidence and in accordance with applicable law.

On September 14, 2015, Grayson Coal filed a Petition for Review with the Fourth Circuit Court of Appeals. Since Teague's coal mining employment ended in the state of Kentucky, the Fourth Circuit ordered the appeal to be transferred to the Sixth Circuit. There is no jurisdictional question raised by the parties presently.

Now, on appeal to the Sixth Circuit, Grayson Coal claims that the Board was in error in upholding the Administrative Law Judge's decision because (1) the Judge did not make a specific finding as to the length of Teague's smoking history, and (2) there was not substantial evidence to uphold the finding that Dr. Habre's report was well-reasoned. Both of these arguments fail, and we therefore affirm the decision of the Benefits Review Board.

## II. Analysis

### A. Standard of Review

In black lung cases, we review the legal conclusions of the Benefits Review Board *de novo*. *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1068 (6th Cir. 2013). We do not reweigh the evidence and substitute our judgement, but only correct errors of law and determine whether the Board's decision to uphold the Administrative Law Judge's conclusion was supported by substantial evidence. *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 482–83 (6th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peabody Coal Co. v. Groves*, 277 F.3d 829, 833 (6th Cir. 2002) (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). However, "[s]ubstantial evidence is more than a mere scintilla," such that the evidence must create more than just "a suspicion of the existence of the fact to be established." *Hoxie v. Drug Enforcement Admin.*, 419 F.3d 477, 482 (6th Cir. 2005).

Therefore, "[w]hen the question is whether the [administrative law judge] reached the correct result after weighing conflicting medical evidence, the scope of review of both the Board and this panel is exceedingly narrow." *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997) (internal citations and quotation marks omitted) (citing *Youghiogheny & Ohio Coal Co v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). We uphold a conclusion supported by substantial evidence, "even if this court would have taken a different view of the evidence were it the trier of fact." *Neace v. Dir., Office of Workers' Comp. Programs, U.S. Dep't. of Labor*, 867 F.2d 264, 267 (6th Cir. 1989). Finally, the Black Lung Benefits Act is a remedial statute, and should "be liberally construed to include the largest number of miners as benefit recipients." *Hill*, 123 F.3d at 415 (internal quotation marks omitted) (quoting *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 1042 (6th Cir. 1993)).

## B. Respondent's Smoking History

Grayson Coal contends that the Administrative Law Judge refused to make a material finding of fact as to Teague's smoking history. Specifically, Grayson Coal takes issue with the Judge's finding that Teague "smoked cigarettes for a substantial amount of time," but did not make a specific finding as to the number of years and frequency of Teague's smoking. By not making a more specific finding, Grayson Coal argues, the Judge violated the Administrative Procedure Act, 5 U.S.C. § 557, requiring agencies to independently evaluate the evidence and provide an explanation for "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record[.]" 5 U.S.C. § 557(c)(3)(A).

In arguing that the factual finding was insufficient, Grayson Coal concedes that there is no case law stating that an administrative law judge must make a specific finding as to the number of years a benefits claimant has smoked. Instead, Grayson Coal primarily relies on the

above language in the Administrative Procedure Act for its argument that there must be a more specific finding of fact to support the conclusion that a potential beneficiary suffers from pneumoconiosis. Grayson Coal also points to a Fourth Circuit decision that relied on a specific finding of an "eighteen-pack year smoking history," despite the record containing varying smoking histories. *See Williams Mountain Coal Co. v. Lucas*, 100 F.App'x 893, 895–96 (4th Cir. 2004).

In the present case, the Administrative Law Judge's decision contained the following analysis concerning Teague's smoking history under the section titled "Smoking History":

> Claimaint testified that he does not currently smoke. He started smoking when he "was a kid" and smoked "on and off until around 1989 or 1990." He testified that when he smoked, he smoked approximately one-half or three-quarters of a pack per day. He does not think he ever smoked more than one pack per day. Claimant estimated he smoked for approximately twenty-five years. Dr. Forehand reported Calimant smoked one-half of a pack of cigarettes per day, on and off from 1944 to 1995. Dr. Boudy reported Claimant smoked less than or equal to one-half of a pack of cigarettes per day for approximately twenty-five years. Claimant told Dr. Rosenberg he smoked less than one pack of cigarettes per day for at most approximately twenty years. Dr. Gallai reported Claimant smoked one-half of a pack of cigarettes for twenty to twenty-five years, between age fifteen and age sixty two. Dr. Gaillai estimated Claimant had a ten to 12.5 pack-year smoking history. Dr. Habre reported a smoking history of one-half of a pack of cigarettes per day for twenty-five years, or 12.5 pack-years.
>
> Claimant's reported smoking history is varied. Although it is clear that Claimant smoked cigarettes for a substantial amount of time, due to the contradictions found in the evidence, I cannot make an exact finding on Claimant's smoking history.

(internal citations omitted). In addition, the decision went into detail concerning the effect of Teague's smoking in analyzing the medical opinions submitted by each of the five doctors involved.

We agree with the Benefits Review Board that there is no merit to Grayson Coal's argument that the Administrative Law Judge was required to make a more specific finding. In

fact, it appears a more specific finding would have potentially misconstrued the evidence. Instead, the Judge's decision contained a thoughtful analysis of the consistencies and inconsistencies in the record, and an acknowledgement that the evidence pointed to a "substantial" smoking history. The decision did not lay out an "inaccurate history." *See McCain v. Dir., O.W.C.P.*, 58 F.App'x 184, 199 (6th Cir. 2003) (citing *Risher v. Office of Workers Comp. Program*, 940 F.2d 327, 330–31 (8th Cir. 1991)). Nor did the decision fail to explain why the evidence in the record led to its conclusion. The decision made a reasoned and accurate assessment that Teague "smoked cigarettes for a substantial amount of time." It considered medical evidence that highlighted the significance of this smoking history. The law requires the trier of fact to determine whether the medical evidence before him is sufficiently documented and reasoned, and to weigh the evidence accordingly. *See Mosely v. Peabody Coal Co.* 769 F.2d 357, 360 (6th Cir. 1985). The Administrative Law Judge in the present case clearly met this burden.

## C. Reliance on Dr. Harbre's Medical Opinion

An administrative law judge must satisfy the "substantial evidence standard" when considering the medical evidence in a claim for benefits. *See Big Branch Res., Inc.*, 737 F.3d at 1068–69. Grayson Coal argues that the Judge in the present case failed to meet this standard because the decision improperly relied on a medical report, Dr. Habre's, in determining the existence of legal pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4). However, the decision clearly satisfied the "substantial evidence standard" by weighing Dr. Habre's opinion in light of all the medical evidence presented and reaching a conclusion supported by "such relevant evidence as a reasonable mind might accept as adequate." *See Richardson*, 402 U.S. at 401.

A physician exercising sound medical judgment and supported by a reasoned medical opinion based on objective evidence may determine the existence of pneumoconiosis. *See* 20 C.F.R. § 718.202(a)(4). After weighing all of the doctors' reports, the Administrative Law Judge decided to give the most weight to Dr. Habre's medical opinion that Teague suffered from pneumoconiosis:

> As to whether Claimant has legal pneumoconiosis, I have given less weight to the opinions of Drs. Forehand, Broudy, Rosenberg, and Gallai. In contrast, I give full probative weight to Dr. Habre's well-reasoned and well documented opinion. Accordingly, I find the medical opinion evidence supports a finding of legal pneumoconiosis under § 718.202(a)(4).

The decision goes into detail concerning the deficiencies in each of the other medical opinions. These errors include a lack of evidence in Dr. Forehand's report, Dr. Broudy's failure to recognize the statute's definition of legal pneumoconiosis, Dr. Rosenberg's reliance on medical opinions rejected by the Department of Labor, and Dr. Gallai's failure to consider smoking as a contributing factor to Teague's impairment.[2] The Judge did not find such deficiencies in Dr. Habre's report.

We agree with the Benefits Review Board that the Administrative Law Judge was permitted to give more weight to a report it deduced was well-reasoned, and accordingly gave more weight to Dr. Habre's report. *See Big Branch Res., Inc*. 737 F.3d at 1072. In meeting the substantial evidence requirement we consider "whether the [Administrative Law Judge] adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record in deciding whether to award or deny benefits." *Hill*, 123 F.3d at 415. The Judge below gave a detailed explanation of why he valued Dr. Habre's analysis of Teague's physical examination, occupational history, and smoking history. *See Groves*, 277 F.3d at 836

---

[2] It is notable that Dr. Gallai and Dr. Forehand *also* diagnosed legal pneumoconiosis, but their findings were still given less probative weight for the aforementioned reasons.

(explaining that fact-finders decide whether a physician's report is sufficiently documented and reasoned, and that this court generally defers to such credibility determinations). The decision also explained the shortcomings in the other medical reports and that they were assigned less probative weight accordingly. Recognizing that it is possible for a different fact-finder to have drawn an alternative conclusion, this court defers to the Administrative Law Judge's finding of legal pneumoconiosis supported by substantial evidence.

### III.  Conclusion

For the foregoing reasons, we **AFFIRM** the decision of the Benefits Review Board.