NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 25A0247N.06

Case No. 24-3881

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 14, 2025

KELLY L. STEPHENS, Clerk

ICG KNOTT COUNTY, LLC, )
)
    Petitioner, )
)
    v. )
)
JUSTIN JOHNSON, )
)
    Respondent. )
)
)

ON PETITION FOR REVIEW
FROM THE BENEFITS REVIEW
BOARD

OPINION

Before: BATCHELDER, GIBBONS, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** ICG Knott County, LLC, a Kentucky-based coal mining company (and a subsidiary of Core Natural Resources, Inc.), petitions for review of a decision by the Benefits Review Board that affirmed an administrative law judge's (ALJ's) award of benefits to Justin Johnson under the Black Lung Benefits Act. We DENY the petition.

As relevant here, the ALJ determined that Johnson had 31 years of underground coal mine employment and a totally disabling respiratory or pulmonary impairment, so he satisfied the presumption of total disability due to pneumoconiosis. *See* 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b)(1). The ALJ further determined that ICG had not rebutted that presumption, so it awarded Johnson benefits. On appeal to the Board, ICG challenged the ALJ's finding of total disability, arguing that the ALJ had relied on faulty evidence without adequate explanation.

The ALJ had found that Johnson was totally disabled based on pulmonary function tests (PFTs). *See* 20 C.F.R. § 718.204(b)(2). A PFT measures the obstruction or restriction in the miner's lungs, thereby revealing the degree of pulmonary impairment: more resistance to the flow of air means a more severe lung impairment. If the PFT values show enough resistance to air flow,

the results "qualify" as a "total disability."[1]  *Id.*  The ALJ assessed and discussed six PFTs administered to Johnson; five had values that qualified as a total disability, one did not.  Ultimately, the ALJ determined that Johnson had a total disability.

These six PFTs were administered to Johnson between April 2014 and November 2015; three were done in conjunction with this black-lung-benefits litigation while the three others were administered in the course of Johnson's medical treatment.  When a PFT is conducted for purposes of a black-lung-benefits claim, it must meet certain prescribed quality standards for reliability and reproducibility, including "three tracings" and no more than five percent variability.  20 C.F.R. § 718.103(b) & App. B § (2)(G).  The three PFTs that were done as part of this claim satisfied those requirements; but the other three (done for medical treatment) did not—each of those three PFTs had only one tracing and, consequently, no measurement of variation.

ICG appealed to the Board, arguing that because these three PFTs did not meet the quality standards, they were not reliable, and the ALJ's reliance on them anyway, without explanation, rendered its conclusion that Johnson was totally disabled both wrong and unsupportable.  The Board explained, and ICG concedes, that the regulatory quality standards do not apply to PFTs conducted for medical treatment rather than litigation.  *See* 20 C.F.R. §§ 718.101(b), 718.103(b).  For medical-treatment PFTs, the ALJ need only determine that the noncomplying PFT is otherwise "reliable."  *See* 65 Fed. Reg. 79,920, 79,928 (Dec. 20, 2000); *see also S. Ohio Coal Co. v. OWCP*, 128 F.4th 809, 818 (6th Cir. 2025) ("A PFT's noncompliance with regulatory quality standards thus goes to the weight of the evidence, a matter committed to the discretion of the ALJ.").

---

[1] The PFTs used here measure three things: "forced vital capacity" (FVC), "forced expiratory volume in one second" (FEV1), and "maximum voluntary ventilation" (MVV).  In a "qualifying" PFT, the FEV1 must be equal to or less than the applicable values in the tables in 20 C.F.R. § 718, Appendix B, and either the FVC or MVV must be equal to or less than the applicable table value or the FEV1/FVC ratio must be 55% or less.  20 C.F.R. § 718.204(b)(2)(i).  A PFT may also measure the before and after effect of a bronchodilator.

In rejecting ICG's contention that the ALJ had not explained its reasoning, the Board simply pointed to that explanation in the record. Dr. Mahmood Alam, Johnson's treating physician who administered all three of the nonconforming PFTs, had stated on each of the test reports that Johnson had put forth good effort and cooperation during the tests, thus implying a reliable result; and Dr. Alam had relied on the results in prescribing medications to treat Johnson's condition, thus demonstrating that Dr. Alam found the results reliable for medical diagnosis and treatment, outside of this litigation. The Board affirmed the ALJ's decision to award benefits.

ICG appeals that decision here, repeating its argument that the ALJ did not explain why it found the nonconforming PFTs to be nonetheless reliable. "This court has a limited scope of review over the decisions of the Benefits Review Board and the ALJ. Our task is limited to correcting errors of law and ensuring that the Board adhered to the substantial evidence standard in its review of the ALJ's factual findings." *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 482 (6th Cir. 2012) (quotation marks and citations omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In deciding whether the substantial evidence standard is satisfied, we consider whether the ALJ adequately explained the reasons for crediting certain testimony and documentary evidence over other testimony and documentary evidence." *Zurich Am. Ins. Grp. v. Duncan ex rel. Duncan*, 889 F.3d 293, 299 (6th Cir. 2018) (citations omitted). "Therefore, when the question is whether the [ALJ] reached the correct result after weighing conflicting medical evidence, the scope of review of both the Board and this panel is exceedingly narrow." *Grayson Coal & Stone Co. v. Teague*, 688 F. App'x 331, 335 (6th Cir. 2017) (quoting *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997)).

The Board found that the ALJ had produced substantial evidence in support of its decision that the nonconforming PFTs were otherwise reliable (namely that Dr. Alam had expressly reported Johnson's effort and cooperation in the testing and had relied on the results himself for medical diagnosis and treatment), and therefore affirmed the ALJ's determination and order. Given the limited scope of review and our careful consideration of both the ALJ's and the Board's decisions, we likewise conclude that the ALJ adequately explained its reasons for finding the PFTs reliable, and that substantial evidence supports its decision to award benefits.

For the foregoing reasons, we DENY the petition for review.