RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
———————————

BUCK CREEK COAL COMPANY; OLD
REPUBLIC INSURANCE COMPANY,

                  *Petitioners*,

       *v.*

GAY NELL SEXTON, widow of and on behalf
of FRABLE SEXTON; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

                 *Respondents.*

No. 11-4304

Appeal from the Benefits Review Board.
Nos. 10-0192 BLA; 10-0191 BLA.

Decided and Filed: January 10, 2013

Before: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit
Judges.

———————————

## COUNSEL

**ON BRIEF:** Laura Metcoff Klaus, Mark E. Solomons, GREENBERG TRAURIG, LLP,
Washington, D.C., for Petitioners. Miller Kent Carter, CARTER & LUCAS,
ATTORNEYS, Pikeville, Kentucky, William L. Roberts, WILLIAM LAWRENCE
ROBERTS, P.S.C., Pikeville, Kentucky, for Sexton Respondent. Michelle S. Gerdano,
Gary K. Stearman, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Government Respondent.

———————————

## OPINION

———————————

MERRITT, Circuit Judge. Frable Sexton, a long-time smoker and career coal
miner, filed a series of petitions for benefits under the Black Lung Benefits Act. This
case arises from his final petition and award of benefits. After filing for benefits in
2001, Mr. Sexton passed away. However, an administrative law judge, hearing both Mr.
Sexton's claim and his widow's survivor claim, found that the medical evidence

established a change in Mr. Sexton's condition and that he suffered a total disability from clinical and legal pneumoconiosis. The ALJ awarded benefits and the Benefits Review Board affirmed. Buck Creek Coal Company appeals this determination, arguing that its application of 20 C.F.R. § 725.309 is invalid and that it violates due process because it contravenes the principles of finality and res judicata by permitting the re-adjudication of the cause of black lung disease. We affirm the judgment of the Benefits Review Board and hold that 20 C.F.R. § 725.309 is valid and was correctly applied in this case and that the Board's decision does not violate the long-standing principles of finality or res judicata.

## I. Facts

Frable Sexton spent 25 years working in coal mines. His struggle to receive black lung benefits lasted even longer in the courts—starting in 1973 and continuing today. Sexton first applied for benefits in 1973. The application was unsuccessful as were two other claims. On April 12, 2001, two years after the denial became final, Mr. Sexton filed a subsequent claim. This time the district director recommended an award of benefits. Buck Creek Coal Company requested a formal hearing. While his claim was still pending before the Office of Administrative Law Judges, Mr. Sexton died. His widow filed her own claim for benefits and the district director issued a proposed decision and order awarding benefits in the survivor claim. Buck Creek requested a hearing. Both claims were consolidated and heard on October 28, 2008. The administrative law judge considered four medical opinions, and based on that new evidence, determined that Mr. Sexton suffered a total disability from clinical and legal pneumoconiosis. The judge found that Sexton established a change in an applicable condition of entitlement pursuant to 20 C.F.R. § 725.309 and accordingly awarded benefits.

Buck Creek appealed to the Benefits Review Board challenging the merits of the decision, the ALJ's application of 20 C.F.R. § 725.309, and the awarding of benefits in a subsequent claim, which it contends violates the principles of res judicata. The Board affirmed the award of benefits as to Mr. Sexton's claim and affirmed in part and vacated

in part with respect to Sexton's widow's survivor claim. Buck Creek appeals the decision in regard to Mr. Sexton's claim only.

## II. Black Lung Benefits Act

The Black Lung Benefits Act provides benefits to coal miners who become disabled due to pneumoconiosis. 30 U.S.C. § 901. Pneumoconiosis, commonly known as black lung disease, is a "latent and progressive" disease caused by the "long-term inhalation of coal dust." *Gray v. SLC Coal Co.,* 176 F.3d 382, 386 (6th Cir. 1999); 20 C.F.R. § 718.201(c).

In order to establish entitlement to benefits under the Black Lung Benefits Act, a miner must prove that (1) he suffered from pneumoconiosis, (2) the pneumoconiosis arose out of coal mine employment, (3) the miner was totally disabled, and (4) his disability was due to pneumoconiosis. 20 C.F.R. § 725.202(d)(2).

Because pneumoconiosis is considered a "latent and progressive" disease, a miner may file a subsequent claim even after a final order denying benefits. 20 C.F.R. § 725.309. For a successful subsequent claim, a miner must prove that one of the applicable conditions of entitlement "has changed since the date upon which the order denying the prior claim became final." 20 C.F.R. § 725.309(d).

Buck Creek argues that the ALJ in this case misapplied 20 C.F.R. § 725.309(d). First, it argues that the ALJ should have found a "material" change in a condition of entitlement, rather than just a "changed" condition of entitlement. Buck Creek ignores the current regulatory language. The previous version of 20 C.F.R. § 725.309(d) required that a subsequent claim be denied unless "there has been a *material* change in conditions." 20 C.F.R. § 725.309(d) (1999) (emphasis added). However, the current version of 20 C.F.R. § 725.309(d) became effective on January 1, 2001, and uses the language "change[d] . . . conditions" of entitlement. The ALJ looked to the current version of § 725.309(d) and after considering new evidence in the form of medical opinions from four physicians, determined that there was in fact a change in a condition of entitlement.

Next, Buck Creek argues that the ALJ erred in not comparing the old evidence from previous claims with new evidence.  Indeed, this practice, a version of the "one-element test," was once the approach endorsed by this Court.  It required the ALJ to compare "the sum of the new evidence with the sum of the earlier evidence on which the denial of the claim had been premised." *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 609 (6th Cir. 2001); *Sharondale Corp. v. Ross*, 42 F.3d 993, 998 (6th Cir. 1994). Several of our sister circuits rejected our formulation of the "one-element test." *See*, *e.g.*, *U.S. Steel Mining Co., v. Director, OWCP*, 386 F.3d 977, 988 n.12 (11th Cir. 2004); *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 454 n.7 (8th Cir. 1997); *Lisa Lee Mines v. Director, OWCP*, 86 F.3d 1358, 1363 n.11 (4th Cir. 1996).

After the removal of the word "material" from the language of § 725.309(d), the Department of Labor explained that the section created "a threshold test which allowed the miner to litigate his entitlement to benefits without regard to any previous findings by producing new evidence that established any of the elements of entitlement previously resolved against him." 65 Fed. Reg. 79920, 79968 (Dec. 20, 2000).  The Department also explicitly stated that the regulation was intended to codify the Fourth Circuit's test as articulated in *Lisa Lee Mines.  Id.*

Recently this Court adopted the regulatory interpretation urged by the Director of the Office of Workers' Compensation in *Cumberland River Coal Company v. Billie Banks and Director, OWCP*, 690 F.3d 477 (6th Cir. 2012).  As this Court explained in *Cumberland*,

> [W]e construe the term "change" to mean "disproof of the continuing validity" of the original denial, rather than the "actual difference between the bodies of evidence presented at different times."  Under this definition, the ALJ need not compare the old and new evidence to determine a change in condition; rather, he will consider only the new evidence to determine whether the element of entitlement previously found lacking is now present.

*Id.* at 486 (internal citations omitted).

The ALJ in considering Mr. Sexton's claim did just that. He looked to the new evidence, medical opinions from four physicians, and determined that an element of entitlement previously found lacking in the earlier claims was now present in this latest and final claim. Thus, the ALJ appropriately applied the test put forth by the Department and this Court in *Cumberland*.

Buck Creek also argues that the ALJ's consideration of this subsequent claim is invalid and violates due process because it contravenes the well-established principles of finality and res judicata. It does not challenge the ALJ's factual determination of a changed condition, but rather just the legal question of whether the finding violates res judicata. Buck Creek looks as far back as the Theodosian Code, the Justinian Code, Babylonian law, ancient Jewish law, and the trial of the Duchess of Kingston in 1776 to argue that the ALJ recklessly dispensed with thousands of years of law by awarding Mr. Sexton benefits. Buck Creek needed to look only so far as this circuit's and other circuit's modern jurisprudence to find that res judicata is not violated by the filing of a subsequent claim under the Black Lung Benefits Act. *Sharondale Corp.*, 42 F.3d at 998 ("[T]he doctrine of res judicata is not implicated by the claimant's physical condition or the extent of his disability at two different times."); *see also U.S. Steel Mining Co.*, 386 F.3d at 990; *Midland Coal Co. v. Director, OWCP*, 358 F.3d 486, 490 (7th Cir. 2004); *Lovilia Coal Co.*, 109 F.3d at 450; *Wyoming Fuel Co. v. Director, OWCP*, 90 F.3d 1502, 1510 (10th Cir. 1996); *Lisa Lee Mines*, 86 F.3d at 1362; *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313-16 (3d Cir. 1995).

A claimant is required to submit newly developed evidence to ensure that he is not merely relitigating the prior claim. The latent and progressive nature of black lung disease ensures that a claimant's physical condition may be different at entirely different times, and thus, the claims are not the same. The § 725.309(d) standard "gives full credit to the *finality* of the original denial, but plainly recognizes that pneumoconiosis is a latent and progressive disease, and that a miner's condition can change over time." *U.S. Steel Mining Co.*, 386 F.3d at 990. As the Third Circuit explained in *Labelle Processing*, "The denial of [a prior] claim . . . established only that [the miner] was not *then* totally

disabled due to pneumoconiosis." 72 F.3d at 314. A subsequent claim, on the other hand, is an "asserti[on] that [the miner] is *now* . . . totally disabled due to . . . pneumoconiosis and that his disability occurred subsequent to the prior adjudication." *Id.*

In the prior unsuccessful claim, the ALJ did not find that the pneumoconiosis substantially contributed to Mr. Sexton's disability at the time the claim was filed; however, new evidence developed subsequent to the denial established a change in condition, specifically that the pneumoconiosis substantially contributed to his total disability in 2001, when the last claim was filed. As this Court recognized in *Sharondale*, a miner's physical condition changes over time, and thus the presence of the disease at one point in time in no way precludes future proof that the disease has become present or has become so severe as to become totally disabling. 42 F.3d at 998. The ALJ did not err in adjudicating Mr. Sexton's subsequent claim, as it did not violate the principle of res judicata.

## III. Conclusion

The ALJ in this case appropriately applied 20 C.F.R. § 725.309 and found that Frable Sexton, after 25 years of working in the coal mines, developed disabling pneumoconiosis. In doing so, the ALJ did not contravene any long-standing legal principles. For the foregoing reasons, we affirm the awarding of benefits.