*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0009p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CONSOLIDATION COAL COMPANY,

*Petitioner*,

*v.*

No. 12-3653

LORENE MAYNES, widow of CLEVING G.
MAYNES; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,

*Respondents.*

On Petition for Review of a Decision and Order
of the Benefits Review Board.
No. 11-0567 BLA.

Argued: November 22, 2013

Decided and Filed: January 9, 2014

Before: DAUGHTERY, GIBBONS and DONALD, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Amy Jo Holley, JACKSON KELLY PLLC, Morgantown, West Virginia, for Petitioner. John L. Grigsby, APPALACHIAN RESEARCH AND DEFENSE FUND OF KENTUCKY, INC., Barbourville, Kentucky, for Respondent Maynes. Barry H. Joyner, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent. **ON BRIEF:** Amy Jo Holley, William S. Mattingly, Kathy L. Snyder, JACKSON KELLY PLLC, Morgantown, West Virginia, for Petitioner. John L. Grigsby, APPALACHIAN RESEARCH AND DEFENSE FUND OF KENTUCKY, INC., Barbourville, Kentucky, for Respondent Maynes. Barry H. Joyner, Gary K. Stearman, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.

———————————

**OPINION**

———————————

BERNICE BOUIE DONALD, Circuit Judge.   Consolidation Coal Company ("Petitioner") appeals a decision of the U.S. Department of Labor ("DOL") Benefits Review Board ("the Board"), affirming Lorene Maynes's ("Mrs. Maynes") eligibility for survivor's benefits under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-944, as amended by the Patient Protection and Affordable Care Act ("the Affordable Care Act" or "ACA"), Pub. L. No. 111-148, § 1556 (2010).   For the reasons below, the Petition is DENIED.

I.

The BLBA provides lifetime disability benefits to coal miners who develop pneumoconiosis as a result of prolonged exposure to coal dust from working in coal mines. 30 U.S.C. §§ 901-944 (2013).   The statute also provides survivors' benefits to the dependents of coal miners who received benefits under the BLBA during their lifetime upon the miner's death.  *Id.*

Mrs. Maynes is the widow of Cleving Maynes ("Mr. Maynes"), a coal miner who developed pneumoconiosis after working in Petitioner's coal mine for 25 years.   Her husband filed a claim for black lung benefits and received benefits under the BLBA from 1997 until he died of respiratory failure in October 2003.   Shortly after her husband's death, on October 21, 2003, Mrs. Maynes filed a claim for survivors' benefits under the BLBA.   The version of the BLBA that was in effect at the time, however, conditioned her eligibility for survivor's benefits on her ability to prove that pneumoconiosis either caused or hastened her husband's death.  *See* 30 U.S.C. § 932(*l*) (1982); *Brown v. Rock Creek Mining Co., Inc.*, 996 F.2d 812, 815-16 (6th Cir. 1993) (requiring widow to show that pneumoconiosis was a "substantially contributing cause" of death, as required to establish eligibility for survivor's benefits under the "1981 Black Lung Benefits Amendments") (citing 20 C.F.R. § 718.205(c)(2) (1992)).   Mrs. Maynes's 2003 claim

for survivor's benefits was denied because she was unable to prove that her husband's respiratory failure was related to or caused by pneumoconiosis. On appeal, the Benefits Review Board affirmed, and so did this Court. *See L.M. v. Consolidation Coal Co.*, BRB No. 08-0255 BLA (Oct. 8, 2008) (unpub.), *aff'd*, No. 08-4645 (6th Cir. July 29, 2009) (unpub.).

On March 23, 2010, Congress passed the Affordable Care Act, which amended the eligibility requirements for survivors' benefits under the BLBA. Pub. L. No. 111-148, § 1556. Specifically, section 1556 of the ACA removed the BLBA's limitation on the availability of survivors' benefits in circumstances where the miner's death was not necessarily caused by or related to pneumoconiosis. *See* 30 U.S.C. § 932(*l*) (providing that "[i]n no case shall the eligible survivors of a miner who . . . [received BLBA benefits] at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner."). Under the amended benefits eligibility framework of the BLBA, survivors are now automatically entitled to benefits if the miner himself received benefits under the BLBA during his lifetime. *Id.*

Congress specified that these changes would apply to all claims filed after January 2005. Congress was silent, however, as to whether persons such as Mrs. Maynes, whose claims had been denied under the previous eligibility framework, could receive benefits by filing a subsequent claim under amended Section 932(*l*). That issue has since been answered in the affirmative by the Benefits Review Board and affirmed by the U.S. Courts of Appeals for the Third and Fourth Circuits. *See Union Carbide Corp. v. Richards*, 721 F.3d 307 (4th Cir. 2013); *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 392 (3d Cir. 2013).

## II.

In December 2010, Mrs. Maynes filed a new claim for survivor's benefits, based on her new eligibility status under the BLBA's amended Section 932(*l*). The DOL awarded benefits, and Petitioner requested a hearing. The administrative law judge ("ALJ") presiding over Mrs. Maynes's 2010 claim affirmed the eligibility determination and set March 2010 as the commencement date for Mrs. Maynes's benefits (*i.e.*, the date

of the amendments' passage in Congress). Petitioner appealed to the Benefits Review Board, arguing, *inter alia,* that Mrs. Maynes's subsequent claim, filed pursuant to the ACA's amendments to the BLBA, was barred by the denial of her prior claim under the version of the BLBA in effect at that time.

When Mrs. Maynes's claim came before the Board, it was supported by a response from the Director for the Office of Workers' Compensation Programs ("the Director"). The Director agreed with the ALJ's eligibility determination in Mrs. Maynes's case but disagreed with the ALJ's chosen commencement date for her benefits. According to the Director, the proper commencement date for Mrs. Maynes's benefits should have been October 2009, the month after the initial denial of her initial claim became final. *See Richards*, 721 F.3d 307 (explaining the appropriate commencement date for retroactive benefits awards under similar circumstances).

The Board agreed with the ALJ's determination that Mrs. Maynes was entitled to benefits under Section 932(*l*). It also adopted the Director's view that the proper commencement date for Mrs. Maynes's benefits should have been October 2009 rather than March 2010. Accordingly, the Board affirmed the ALJ's eligibility determination and modified the order by setting October 2009 as the appropriate commencement date for her benefits.

Petitioner filed timely notice of appeal in this Court on June 4, 2012. On appeal, Petitioner argues that Mrs. Maynes's subsequent claim, filed after the 2010 amendments to the BLBA, is barred by res judicata because her 2003 claim was denied under the version of the BLBA that was in effect at that time. Relatedly, Petitioner also claims that the Board's decision to grant Mrs. Maynes's subsequent claim violated separation of powers principles, because it retroactively nullified a final decision of this Court. U.S. Const. art. III. Lastly, Petitioner argues that the Board exceeded its statutory scope of review by changing the operative date for the commencement of Mrs. Maynes's benefits.

III.

This Court reviews the legal issues raised in an administrative appeal de novo. *Conley v. Nat'l Mines Corp.*, 595 F.3d 297, 301 (6th Cir. 2010).

We first address Petitioner's arguments that the Board's decision violated the principles of res judicata and separation of powers. The doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). Res judicata also applies in the context of administrative adjudications under the BLBA, barring subsequent claims for benefits "unless the claimant demonstrates" that the "applicable conditions of entitlement [have changed]" since the date upon which the denial of a prior claim became final. 20 C.F.R. § 725.309(c). Notably, however, DOL regulations specifically state that this bar does not apply to subsequent claims for survivors' benefits filed pursuant to the BLBA's 2010 amendments. *See* 20 C.F.R. § 725.309(c)(1) ("[This section] does not apply to a survivor's claim if the requirements of §§ 725.212(a)(3)(ii), 725.218(a)(2), or 725.222(a)(5)(ii) are met, and the survivor's prior claim was . . . denied prior to March 23, 2010."). Similarly, the doctrine of res judicata does not preclude parties from bringing claims that did not exist at the time of the prior proceeding. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 (1955).

Petitioner's res judicata argument is nearly identical to the arguments rejected by the Third and Fourth Circuits in *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 392 (3d Cir. 2013), and *Union Carbide Corp. v. Richards*, 721 F.3d 307 (4th Cir. 2013). This Court has yet to determine whether res judicata bars subsequent survivor claims under the BLBA. We have, however, rejected the res judicata argument as applied to miners bringing subsequent claims on their own behalves. *See Buck Creek Coal Co. v. Sexton*, 706 F.3d 756, 759-60 (6th Cir. 2013) (finding that res judicata was not implicated by award of benefits under the BLBA on

miner's subsequent claim because miner was required to submit newly developed evidence to ensure that he was not merely re-litigating his prior claim).

Similarly, here, the doctrine of res judicata is not implicated. Mrs. Maynes's 2010 claim could not have been brought or litigated in her original filing because the applicable statutory provision did not exist at the time. Maynes's 2003 claim was denied under the pre-ACA version of the BLBA because she could not prove that pneumoconiosis was the cause of her husband's death. *See L.M. v. Consolidation Coal Co.*, BRB No. 08-0255 BLA (Oct. 8, 2008) (unpub.), *aff'd*, No. 08-4645 (6th Cir. July 29, 2009) (unpub.). When Congress amended the BLBA in 2010, however, Mrs. Maynes's benefits eligibility status changed; she became automatically eligible for survivors benefits under Section 932(*l*) because her husband had received benefits under the BLBA during his lifetime. Mrs. Maynes's subsequent claim, brought after the 2010 amendments to the BLBA, was based on her benefits eligibility under Section 932(*l*). Therefore, the Board's determination that Mrs. Maynes was entitled to survivor benefits under of Section 932(*l*) was based upon a different statutory basis for relief than the provisions it relied upon when it denied her 2003 claim. Indeed, that this is a new claim is evident as Mrs. Maynes's subsequent claim was based on legal and factual issues that had not been litigated in relation to her prior claim—it did not challenge the denial of her prior claim, nor did it require the Board to make any findings that would undermine the disposition of her 2003 claim. A comparison of the determinative factual elements underlying each claim demonstrates that Mrs. Maynes's original claim and her subsequent claim were not the same cause of action. *Sanders Confectionary*, 973 F.2d at 484; *see also Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 392 (3d Cir. 2013); *Union Carbide Corp. v. Richards*, 721 F.3d 307 (4th Cir. 2013). In her original claim, Mrs. Maynes could recover only by proving that her husband's death was due to pneumoconiosis. In her subsequent claim, the cause of Mr. Maynes's death was not at issue. Rather, Mrs. Maynes's eligibility simply hinged upon whether Mr. Maynes had received benefits during his lifetime, an administrative fact. Accordingly, because Mrs. Maynes's subsequent claim is based on a different statutory basis for benefits eligibility than her prior claims, and because her subsequent claim does

not undermine either the factual or legal conclusions resulting in the denial of her 2003 claim, the doctrine of res judicata is simply not implicated.

Petitioner's argument that the Board's ruling on Mrs. Maynes's subsequent claim violates separation of powers fails for the same reason. Petitioner argues that the Board's decision violates the principle of separation of powers because it retroactively nullifies the prior decision of this Court affirming the denial of her original claim. Relying on *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 225-28 (1995), Petitioner claims that the Board's retroactive application of the ACA amendments contravenes the general principle that "Congress cannot deprive final judicial judgments by Article III courts of their conclusive effect." As noted above, however, the Board's decision to award benefits in response to Mrs. Maynes's subsequent claim did nothing to alter, undermine, disturb or overturn the Board's prior denial of her 2003 claim; nor does it challenge this Court's affirmance of that decision. Therefore, Petitioner's separation of powers argument also fails.

Finally, we also affirm the Board's ruling on the appropriate commencement date for Mrs. Maynes's benefits. Petitioner contends that the Board erred in moving back the commencement date for Mrs. Maynes's benefits from March 2010 to October 2009. Petitioner argues that the Board could not modify the ALJ's commencement date, even if it was incorrect, because the Director never filed a cross-appeal on the issue. *See* 20 C.F.R. § 802.201(a)(2) ("When a decision or order is favorable to a party (i.e., the prevailing party), the prevailing party may file a cross-appeal pursuant to § 802.205(b) to challenge any adverse findings of fact or conclusions of law in the same proceeding."). Petitioner's argument on this point is premised upon a flawed interpretation of the Board's scope of review over ALJ determinations. The Board has authority to "affirm, modify, vacate or reverse" an ALJ's decision. 20 C.F.R. § 802.404(a). The Board also has general discretion to consider issues not raised by the parties where doing so is "necessary to reach the correct result." *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999) (citing *Mansfield v. Director, OWCP*, 8 BLR 1-445, 1986 WL 66303, at *1 (1986)).

While this appeal was pending before the Board, it decided in another case that the appropriate commencement date for survivors benefits awarded pursuant to a "subsequent claim awarded under ACA Section 1556 is the month after the denial of the survivor's prior claim became final." *See Richards*, 721 F.3d 307 (affirming the Board's determination concerning the proper commencement date). It cannot be said that the Board went beyond the scope of its authority when, in order to be consistent with its own recent decision, it corrected the ALJ's determination concerning the appropriate commencement date for Mrs. Maynes's benefits.

IV.

For the foregoing reasons, the Petition is DENIED.