NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0645n.06

No. 12-4366

FILED
Aug 18, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PEABODY COAL COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW |
| DIRECTOR, OFFICE OF WORKERS' | ) | OF AN ORDER OF THE |
| COMPENSATION PROGRAMS, UNITED | ) | BENEFITS REVIEW BOARD, |
| STATES DEPARTMENT OF LABOR, | ) | UNITED STATES |
| | ) | DEPARTMENT OF LABOR |
| and | ) | |
| | ) | |
| EVA ELIZABETH HILL, | ) | |
| | ) | |
| Respondents. | ) | |

BEFORE: DAUGHTREY, COOK, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Peabody Coal Company (Peabody) petitions for review of the Benefits Review Board's (Board) grant of Petitioner Eva Hill's (Hill) second claim for survivor benefits under the Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901–44, as amended by § 1556 of the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111–148, § 1556, 124 Stat. 119 (2010). We deny the petition.

Hill is the widow of Arthur Hill, who passed away in May 2000 after working as a miner for forty-one years. Hill first filed a claim for survivor benefits on June 19, 2000. The Board denied her claim for failure to show that her husband died "due to" pneumoconiosis, as then required under the BLBA. This court denied her petition for review in 2004.

In 2010, Congress enacted the ACA, § 1556, which included a provision reinstating 30 U.S.C. § 932(*l*) of the BLBA under which the eligible survivor of a miner who was determined eligible for benefits at the time of his death is automatically entitled to receive benefits, and need not prove that the miner died "due to" pneumoconiosis. The ACA amendments to the BLBA apply to "claims filed . . . . after January 1, 2005, that are pending on or after [March 23, 2010]." Pub. L. No. 111–148, §1556(c). In January 2011, after the ACA amendments took effect, Hill filed a second, or "subsequent," claim for survivor benefits; the claim was granted, and the Board affirmed.

On appeal, Peabody challenges the Board's determination that the ACA amendments to the BLBA apply to subsequent claims filed by survivors after the denial of a prior claim. Construing § 1556 to apply to survivors' subsequent claims, Peabody argues, reopens prior final decisions denying benefits and thereby violates the separation of powers, res judicata principles, and due process. This court's decision in *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 325 (6th Cir. 2014), filed after briefing concluded, disposes of Peabody's arguments. In *Consolidation Coal*, as here, the Board had denied a survivor's original claim for benefits on the ground that she could not demonstrate that her husband died "due to" pneumoconiosis. After enactment of the ACA, the survivor filed a subsequent claim for benefits under the reinstated § 932(*l*), which the Board granted. *See id.* at 326. On appeal, the coal company raised, and this court rejected, the same res judicata and separation-of-powers arguments Peabody raises here. *See id.* at 329 ("[T]he Board's decision to award benefits in response to [the survivor's] subsequent claim did nothing to alter, undermine, disturb or overturn the Board's prior denial of her 2003 claim; nor does it challenge this Court's affirmance of that decision."). In the instant case, Peabody raises the additional argument that the Board's failure to give preclusive effect to

its denial of the survivor's original claim for benefits violates due process. But our conclusion

that the Board's decision does not offend principles of finality disposes of that argument too.

*See RAG Am. Coal Co. v. Office of Workers' Comp. Programs*, 576 F.3d 418, 428 n.6 (7th Cir.

2009) (dismissing a similar due-process argument, stating "RAG's claim that the refusal to apply

ordinary principles of finality denies it due process of law is nothing more than a variation of its

res judicata argument which we have already addressed").

Accordingly, we DENY the petition for review.