NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0510n.06

No. 14-3719

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 20, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| PREMIUM COAL COMPANY, INC.; | ) | |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETTION FOR REVIEW OF |
| | ) | AN ORDER OF THE BENEFITS |
| DIRECTOR, OFFICE OF WORKERS' | ) | REVIEW BOARD |
| COMPENSATION PROGRAMS; | ) | |
| ESTATE OF REDDIN BYRGE, | ) | |
| | | |
| Respondents. | | |

_____/

**Before: GUY, MOORE, and McKEAGUE, Circuit Judges.**

      **RALPH B. GUY, JR., Circuit Judge**. Petitioners, Premium Coal Company and Old Republic Insurance Company (collectively referred to as "Premium Coal"), petition this court to vacate the decision of the Benefits Review Board affirming the administrative law judge's decision and award of benefits to Claimant, Reddin Byrge. Premium Coal makes numerous challenges to the Board's decision and order. For the following reasons, Premium Coal's petition is **DENIED**.

**I.**

In 2007, Reddin Byrge, a surface miner, sought benefits under the Black Lung Benefit Act, 30 U.S.C. § 901 *et seq.* To establish entitlement to benefits, Byrge was required to prove by a preponderance of the evidence that: (1) he had pneumoconiosis, also known as black lung disease, in either its clinical or legal form; (2) such pneumoconiosis arose in whole or in part out of his coal mine employment; (3) he was totally disabled; and (4) the total disability was due to pneumoconiosis. *Cent. Ohio Coal Co. v. Dir., Office of Workers' Comp. Programs*, 762 F.3d 483, 486 (6th Cir. 2014); *see also* 20 C.F.R. §§ 718.202-04. Clinical pneumoconiosis consists of diseases that the medical community recognizes as pneumoconioses "arising out of coal mine employment." 20 C.F.R. § 718.201. Legal pneumoconiosis, on the other hand, includes "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." *Id*. The claims examiner denied Byrge's claim, ruling that although he was totally disabled, he did not have pneumoconiosis. Byrge did not challenge this determination and it became final. 20 C.F.R. § 725.419.

On March 23, 2010, Congress revived a rebuttable statutory presumption that a coal miner is presumed to be permanently disabled due to pneumoconiosis if such miner worked in an underground coal mine for fifteen years *and* he suffers from total respiratory or pulmonary disability. *Island Creek Kentucky Mining v. Ramage*, 737 F.3d 1050, 1053 (6th Cir. 2013) (citing 30 U.S.C. § 921(c)(4)). Once this presumption is invoked, three elements of entitlement are presumed: (1) the miner suffers from

pneumoconiosis in its clinical or legal form; (2) the pneumoconiosis arose at least in part from coal mine employment; and (3) the miner's pneumoconiosis contributes to his total disability. 30 U.S.C. § 921(c)(4). To rebut the 15-year presumption, the party opposing entitlement to benefits must disprove the existence of pneumoconiosis or show that the miner's "respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." *Id*. The 15-year presumption applies to surface miners like Byrge if the Secretary determines that the conditions of the surface miner's employment "were substantially similar to conditions in an underground mine." *Id*. This reenacted presumption applies to claims filed after January 1, 2005, and pending at the time of enactment. *Island Creek*, 737 F.3d at 1053.

Byrge filed another application for benefits in 2010. Pursuant to 20 C.F.R. § 725.309(c)(6), Byrge's new application only concerned his entitlement to benefits following the 2007 denial and not prior thereto. The ALJ awarded Byrge benefits ruling that Byrge had properly invoked the 15-year presumption. Specifically, the ALJ ruled that Byrge suffered from a total respiratory disability and that he worked for 15 years as a surface miner in "substantially similar" conditions to an underground mine. The ALJ ruled that Premium Coal failed to rebut the 15-year presumption and the Board affirmed.

Premium Coal challenges the award of benefits to Byrge arguing that: (1) 20 C.F.R. § 718.305(b)(2) is not a valid regulation; (2) Byrge should not be allowed to bring a subsequent claim for benefits under 20 C.F.R. § 725.309(c)(4); and (3) Premium Coal should have been allowed to rebut the 15-year presumption through proof that Byrge's

pneumoconiosis did not "substantially contribute" to his total disability. We address each of these arguments in turn.

Byrge died on February 23, 2015, while this appeal was pending. His death does not affect the substance of this appeal. *See Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 248 (6th Cir. 1995) (holding that a miner's claim for benefits under the BLBA did not abate upon his death).

## II.

We review the Board's legal conclusions de novo. *Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 633 (6th Cir. 2009). We will reverse the Board's decision if it committed any legal error or exceeded its scope of review. *Id.* We review the ALJ's decision to determine whether it was supported by substantial evidence. *Id.* "'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks and citation omitted).

## III.

A.        **Validity of 20 C.F.R. § 718.305(b)(2)**

The 15-year presumption can apply to surface miners when the ALJ "determines that conditions of a miner's employment in a coal mine other than an underground mine were ***substantially similar*** to conditions in an underground mine." 30 U.S.C. § 921(c)(4) (emphasis added). On October 25, 2013, 20 C.F.R. § 718.305(b)(2) became effective, which provides that the "conditions in a mine other than an underground mine will be considered 'substantially similar' to those in an

underground mine if the claimant demonstrates that the miner was regularly exposed to coal-mine dust while working there."

Premium Coal claims that 20 C.F.R. § 718.305(b)(2) is not a valid regulation because it is not supported by medical or scientific literature and is inconsistent with Congressional intent behind 30 U.S.C. § 921(c)(4). Premium Coal failed to raise this argument before the Benefits Review Board even though the regulation was in effect at the time the Board considered the case. "Generally, this court will not review issues not properly raised before the Board." *Arch on the Green, Inc. v. Groves*, 761 F.3d 594, 602 (6th Cir. 2014). Premium Coal argues that it was not required to raise the issue before the Board because it would have been futile to do so because: (1) the Board does not generally strike down Department of Labor Regulations; and (2) because § 718.305(b)(2) was consistent with a previous regulation that the Board had upheld, there was no reason to think the Board would declare it invalid.

These same arguments were recently considered and rejected by our Court in *Brandywine Explosives & Supply v. Director, Office of Workers' Compensation Programs*, No. 14-3672, 2015 WL 3649540, at *1 (6th Cir. June 15, 2015). In *Brandywine*, we noted that the Board does have the authority to rule on the validity of regulations. *See id.* at 5 (citing *Gibas v. Saginaw Min. Co.*, 748 F.2d 1112, 1117–19 (6th Cir. 1984)). We also noted that ruling on the validity of § 718.305(b) would not have required the Board to "reverse course from a recently adopted position." *Id.* Given that

Premium Coal failed to challenge the validity of § 718.305(b) before the Board, they have waived such argument before our court. *Id.*

**B.        Subsequent Claim under 20 C.F.R. § 725.309(c)** [1]

Miners are allowed to bring subsequent claims for black lung benefits after a previous claim was denied. 20 C.F.R. § 725.309. However, such claim "must be denied unless the claimant demonstrates that one of the applicable conditions of entitlement . . . has changed since the date upon which the order denying the prior claim became final." *Id.* at § 725.309(c). The Board's opinion found that Byrge had satisfied the change in applicable condition of entitlement under § 725.309 because in Byrge's 2010 claim, he successfully invoked the 15-year presumption – a presumption that was not available to him when he filed his 2007 claim.[2] Premium Coal challenges this conclusion arguing that a change in the law should not constitute a "change in condition" sufficient to satisfy § 725.309. Premium Coal also makes a general challenge to the regulation arguing that it offends res judicata and the Supreme Court's holding in *Pittston Coal Group v. Sebben*, 488 U.S. 105 (1988).

---

[1] Premium Coal refers to the version of the regulation in effect prior to October 25, 2013, by citing § 725.309(d). That section became § 725.309(c) after the regulation was amended in 2013. The 2013 amendment did not substantively affect the text at issue here. We refer to the regulation as it is currently in effect.

[2] The Board held that the ALJ "erred in finding that [Byrge] demonstrated a change in the applicable condition of entitlement at 20 C.F.R. § 725.309 by establishing that he is totally disabled, as claimant proved this element of entitlement in his previous claim." All parties agree that Byrge previously established "total disability" in his 2007 claim but failed to establish the other elements of entitlement. The Board ruled that the error was harmless, however, because Byrge had successfully invoked the Section 411(c) presumption, thereby satisfying the change in a condition of entitlement requirement of § 725.309.

We have already resolved Premium Coal's latter argument. In *Buck Creek Coal Co. v. Sexton*, we rejected the employer's claim that consideration of a subsequent claim under § 725.309 violates res judicata. 706 F.3d 756, 759-60 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 898 (2014) (noting that the employer "needed to look only so far as this circuit's and other circuit's modern jurisprudence to find that res judicata is not violated by the filing of a subsequent claim under the Black Lung Benefits Act"). To the extent that Premium Coal challenges our precedent on this issue, we may not overturn such precedent – only the Court sitting en banc may do so. *Draw v. City of Lincoln Park*, 491 F.3d 550, 556 (6th Cir. 2007).

Allowing Byrge's subsequent claim also is not a violation of the Supreme Court's decision in *Pittston Coal Group v. Sebben*. *Sebben* did not consider whether § 725.309 offends res judicata; it concerned whether a mandamus remedy reopening a claim denial was appropriate. The Supreme Court held that the respondents failed to establish a duty to reopen a final determination. 488 U.S. at 122-23. The Court never considered § 725.309 and whether subsequent claims, which merely seek entitlement to black lung benefits since the time of the previous denial, offend res judicata.

As to Premium Coal's former argument, we have not directly addressed whether the application of the 15-year presumption in 30 U.S.C. § 921(c)(4) constitutes a "change in condition" sufficient to trigger application of § 725.309. We need not address that question in this case, however, because Byrge did experience a "change in condition"

sufficient to bring a subsequent claim under § 725.309. Specifically, the ALJ credited the opinion of Dr. Fernandes, one of Byrge's physicians, who opined that:

> Rheumatoid arthritis could [have] contributed to [Byrge's] disability but because of the progression of his symptoms and because his joint symptoms are controlled . . . I believe his respiratory difficulty is more likely due to coal dust exposure. It would be difficult to define the exact percentage but I feel the coal dust exposure has a significant relationship and that coal dust substantially aggravated his underlying condition.

The ALJ concluded that, based on this opinion, Byrge had satisfied what is often referred to as the disease causation element – that his "total disability is due in part to pneumoconiosis." Because Byrge was unable to prove such fact in his 2007 claim, he has proven a change in condition sufficient to bring a subsequent claim under § 725.309.

## C.        Rebuttal of the 15-Year Presumption

### *The ALJ's Decision*

Premium Coal's experts, Drs. Tuteur and Rosenberg, opined that Byrge's respiratory impairment was related to a condition called "bronchiectasis," which they opined was caused by Byrge's rheumatoid arthritis. Dr. Tuteur explained that bronchiectasis "develops following recurrent lower respiratory infections and becomes irreversible because of the anatomical destruction of the medium size airways often extending to smaller airways." Dr. Rosenberg opined that Byrge's severe pulmonary problems were "related to his bronchiectasis caused by rheumatoid arthritis, not by [Byrge's] exposure to coal dust." Dr. Tuteur opined that Byrge's bronchiectasis "though disabiling [sic], is in no way related to, aggravated by, or caused by either the inhalation of coal mine dust or the development of coal mine dust-induced pulmonary process."

The ALJ accepted as true the experts' claim that Byrge had rheumatoid arthritis and bronchiectasis. The ALJ rejected the experts' conclusion that Byrge's bronchiectasis was not caused or aggravated by mining exposure because "neither proved that bronchiectasis is mutually exclusive with the lung impairments referenced by the definition of legal pneumoconiosis. Neither account[s] for the 15 years of mining exposure. Neither [has] presented a reasoned basis [for] how the 15 years of mining exposure precluded aggravation of rheumatoid arthritis and bronchiectasis." The Board upheld the ALJ's decision noting that the ALJ provided a valid reason for discrediting the experts' opinions and concluding that Premium Coal failed to rebut the presumption that Byrge had legal pneumoconiosis.

### *Legal Analysis*

As noted above, Premium Coal could rebut the 15-year presumption if it: (1) disproved the existence of pneumoconiosis; or (2) showed that the miner's "respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C. § 921(c)(4); *see also* 20 C.F.R. § 718.305(d). Premium Coal argues that it is entitled to a third avenue of rebuttal under *Arch on the Green, Inc. v. Groves*, 761 F.3d 594 (6th Cir. 2014) – rebuttal through proof that Byrge's pneumoconiosis was not a "substantially contributing cause" of his disability but that such disability was due to a non-compensable condition such as Byrge's arthritis.[3]

---

[3] Premium Coal also argues that *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1 (1976) limits 30 U.S.C. § 921(c)(4)'s application to operators such as Premium Coal. We have previously rejected such argument. *See Big Branch Resources, Inc. v. Ogle*, 737 F.3d 1063, 1070-71 (6th Cir. 2013); *see also W. Virginia CWP Fund v. Bender*, No. 12-2034, 2015 WL 1475069, at *2 (4th Cir. Apr. 2, 2015).

The "substantially contributing cause" standard is the appropriate standard to prove disease causation (proof that the miner's pneumoconiosis is a "substantially contributing cause" of his total disability) *when the burden of proof is on the miner*. *Arch on the Green*, 761 F.3d at 600-01. In *Arch on the Green*, the miner failed to invoke the 15-year presumption so the burden was on him to establish entitlement to benefits. Because Byrge properly invoked the 15-year presumption, we have held that the "rule-out" standard applies – "the employer must *rule out* the causal relationship between the miner's total disability and his coal mine employment" to rebut the 15-year presumption. *Big Branch Resources, Inc. v. Ogle*, 737 F.3d 1063, 1070-71 (6th Cir. 2013).

In *Big Branch* an insurance fund for a defunct coal mine operator challenged the award of BLBA benefits to a coal miner. The fund argued that the ALJ erred in requiring the fund to prove that the claimant's coal mine employment *played no part* in causing his total disability. *Id.* at 1071. We rejected such argument noting that:

> Simply put, the "play no part" or "rule-out" standard and the "contributing cause" standard are two sides of the same coin. Where the burden is on the employer to disprove a presumption, the employer must "rule-out" coal mine employment as a cause of the disability. Where the employee must affirmatively prove causation, he must do so by showing that his occupational coal dust exposure was a contributing cause of his disability. Because the burden here is on the Fund, the Fund must show that the coal mine employment *played no part* in causing the total disability . . . This approach follows and applies the language found in 20 C.F.R. § 718.305(d).

*Id*. (emphasis in the original). Because the 15-year presumption applied in this case, it was not an error for the ALJ to require Premium Coal to "rule out" that Byrge's coal mine employment aggravated his disability. *See Brandywine*, 2015 WL 3649540, at *9;

*see also W. Virginia CWP Fund v. Bender,* No. 12-2034, 2015 WL 1475069, at *10 (4th

Cir. Apr. 2, 2015) (upholding 20 C.F.R. § 718.305(d) as a valid regulation and noting that

"any 'party opposing entitlement' to black lung benefits, including coal mine operators,

may rebut the statutory presumption of disability under subsection (d)(1)(ii) of the

regulation only by proving that 'no part of the miner's respiratory or pulmonary total

disability was caused by pneumoconiosis.'")

Premium Coal also argues that it should have been allowed to rebut the 15-year

presumption with evidence that Byrge's pneumoconiosis was too mild to have

contributed to his total disability. The fund in *Big Branch* made a similar claim when it

argued that the ALJ improperly restricted its ability to rebut the 15-year presumption by

not allowing it to prove that the claimant's pneumoconiosis was "mild and that the totally

disabling respiratory impairment [was] the product of another disease." *Id.* at 1070. We

held that such evidence was "not a unique third rebuttal method, but merely a specific

way to attack the second link in the causal chain—that pneumoconiosis caused total

disability. Nothing in the record suggests that the Fund was prevented from making this

argument." *Id.*

The same is true in this case. Premium Coal was allowed to present evidence

that Byrge's arthritis was the cause of his respiratory problems. Unfortunately for

Premium Coal, the ALJ ruled that such evidence did not rebut the 15-year presumption

because neither expert's opinion addressed how bronchiectasis was mutually exclusive

with the lung impairments referenced in the definition of legal pneumoconiosis, neither

opinion accounted for Byrge's 15 years of coal mine work, and neither opinion gave a reasoned basis for concluding that Byrge's 15 years of mining exposure did not aggravate his rheumatoid arthritis and bronchiectasis. *See Brandywine*, 2015 WL 3649540, at *9.

Premium Coal's petition is **DENIED**.