RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0280p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ABERRY COAL, INCORPORATED; ARROWPOINT CAPITAL INC., c/o Underwriters Safety & Claims,

        *Petitioners*,

    *v.*

JOSEPH FLEMING; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        *Respondents*.

No. 15-3999

---

On Petition for Review of an Order
of the Benefits Review Board.
No. 14-0329 BLA.

Decided and Filed: December 1, 2016

Before: BATCHELDER and KETHLEDGE, Circuit Judges; LEVY, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** John R. Sigmond, Nathaniel Dale Moore, PENN, STUART & ESKRIDGE, Bristol, Virginia, for Petitioners. Joseph Wolfe, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Fleming.

    LEVY, D.J., delivered the opinion of the court in which KETHLEDGE, J., joined, and BATCHELDER, J., joined in the result. BATCHELDER, J. (pp. 9–11), delivered a separate opinion concurring in the judgment.

---

[*]The Honorable Judith E. Levy, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

**OPINION**

---

JUDITH E. LEVY, District Judge.  Under the Black Lung Benefits Act ("BLBA"), an Administrative Law Judge ("ALJ") must determine, using a reasonable method of calculation and based on substantial evidence, how long a coal worker was employed in coal-mine work.  If the length of employment was more than fifteen years, the worker is entitled to a presumption of total disability under the BLBA.  The ALJ who heard Joseph Fleming's claim determined that Fleming established over sixteen years of coal-mine employment, and was entitled to that presumption.  The Benefits Review Board of the Department of Labor ("the Benefits Review Board") affirmed that determination, and awarded Fleming BLBA benefits.

The evidence presented at the hearing, however, did not and could not have established that Fleming had over sixteen years of coal-mine employment, or even the fifteen necessary for the presumption of total disability.  Accordingly, we vacate the Board's award of benefits, and remand for rehearing consistent with this opinion.

**I.  Background**

Fleming, like many coal workers, had a sporadic work history in the coal industry.  Between 1970 and 1991, Fleming worked for twenty-five different coal-mine employers.  (App. at 781-82.)  On July 19, 2010, Fleming filed an application for BLBA benefits.  (*Id.* at 706.)  On September 20, 2011, the Department of Labor's Office of Workers' Compensation issued findings of fact and conclusions of law determining that Fleming was employed as a coal miner for nine and one-quarter years between 1970 and 1991, and that he had contracted pneumoconiosis as a result of his coal-mine employment.  (*Id.* at 374.)  Aberry Coal was designated as the coal-mine operator responsible for payment of benefits.  (*Id.*)

On October 11, 2011, Aberry Coal requested a formal hearing in front of an ALJ.  The hearing was held on October 16, 2012, and the ALJ issued a Decision and Order awarding benefits on January 24, 2013.  (*Id.* at 706-14.)  In that order, the ALJ dedicated two pages to an analysis of the length of Fleming's coal-mine employment.  (*Id*. at 708-10.)  The ALJ determined

that there were "at most 16 different years in which claimant could have worked as a coal miner (1970 through 1991 minus four years due to injury minus 1 year in Florida)." (*Id.* at 708.)

The ALJ then compared Fleming's Social Security Earnings Record ("SSER") to the daily average earnings of coal miners for each year Fleming worked, as provided by the Bureau of Labor Statistics, to determine how many weeks Fleming worked each year. (*Id.* at 709.) The ALJ determined that Fleming could show he had worked 273.50 weeks in the coal-mining industry between 1970 and 1991, or about 5.25 years. (*Id.*) The ALJ then determined that Fleming was credible and established that he had either been paid under the table or without proper records having been kept during his career. (*Id.* at 710.) Based on that determination, the ALJ found that Fleming engaged in coal-mine employment "for at least 15 years." (*Id.*) This entitled Fleming to the presumption of total disability under the BLBA, 30 U.S.C. § 921(c)(4), and the ALJ determined that Fleming was owed benefits dating from July 2010. (*Id.* at 710, 713.)

On December 17, 2013, the Benefits Review Board, which has appellate jurisdiction over ALJ decisions, reversed and remanded the Decision and Order to "reconsider whether [Fleming] has established fifteen years of underground coal-mine employment sufficient to invoke the [BLBA total disability] presumption." (*Id.* at 746.) The Benefits Review Board determined that the ALJ had neither explained how he resolved the conflict between Fleming's "not [being] a good historian" and the ALJ's crediting of Fleming's testimony, nor resolved the conflicting evidence regarding the years in which Fleming engaged in coal-mine employment. (*Id.*)

On May 19, 2014, following additional comments from Aberry and Fleming, the ALJ issued a second Decision and Order again awarding benefits to Fleming. (*Id.* at 780-86.) That Decision and Order again found that Fleming worked more than fifteen years in coal-mine employment. (*Id.* at 785.) Fleming's employment was based on records that he worked for the following employers during the following time periods between 1970 and 1991:

| **Employer** | **Dates of Employment** |
| --- | --- |
| Peem Coal Co. | 1970 |
| Clark Super 100 | 1970 |
| Chevron USA Inc. | 1970 |
| High Point Coal Company | 1971 |
| Archer & Club Coal Co. Inc. | 1971 |
| POM Corp | 1971-72 |
| Brownlee-Kesterton Inc. | 1972 |
| Atlantic Gulf Communities Corp. | 1972-73 |
| Atlantic Condominiums Inc. | 1972 |
| Officemax Incorporated | 1972 |
| William H. Hensick & Sons Inc. | 1973 |
| A&E Coal Co. | 1973 |
| Governor Elkhorns Coal Company Inc. | 1973 |
| Scotia Coal Co. | 1974-77 |
| Scotia Employees Association | 1975, 1977 |
| Elkhorn & Jellico Coal Co Inc. | 1978 |
| Branham & Baker Coal Co. Inc. | 1978 |
| Johnson & Sons Coal Co. Inc. | 1978 |
| Ancoal Mining Corporation | 1979 |
| Action Enterprises Inc. | 1979-80 |
| Paramount Mining Corporation | 1980 |
| Sullivan Brothers Inc. | 1980 |
| Everidge & Nease Coal Co. Inc. | 1985 |
| Uniforce Staffing Services Inc. | 1987 |
| U N F Services Inc. | 1988 |
| Wampler Brothers Coal Co. Inc. | 1988-89 |
| Aberry Coal Inc. | 1989-91 |

(*Id*. at 781.)

The ALJ determined that Fleming should receive no credit for coal-mine employment in 1972, because Fleming showed no earnings from coal-mine employment that year. (*Id*. at 782 n.1.) Fleming also showed no employment between 1981 and 1984, or in 1986. Fleming's work in 1987 was also not coal-mine employment. Accordingly, he showed no coal-mine related employment during six of the twenty-two years between the beginning of 1970 and end of 1991.

Despite earning only $72 in 1970, the ALJ credited Fleming with a full year of coal-mine employment at Peem Coal Co. based on Fleming's testimony that he knew he "was there close to a year." (*Id*. at 781.) For 1971, the ALJ credited Fleming with a year of employment at High Point Coal Co., despite earning only $57.50 that year, again based on Fleming's testimony that he "worked there almost a year." (*Id.* at 781-82.) The ALJ credited Fleming with a second year of employment in 1971 at Archer & Club Coal Co., despite Fleming's having earned only $200 that year, based on Fleming's testimony that he "worked there for about a year, maybe longer." (*Id*. at 782.) The ALJ next credited Fleming with a year of employment in 1971 and 1972 at the POM Corp. (erroneously called T.O.M. Corp.) based on Fleming's testimony. (*Id*.) The ALJ then credited Fleming with a year of work at various employers in 1973 and with a year of work in 1974 for his work for the Scotia Employees Association. (*Id*.) We assume that the ALJ meant Scotia Coal Co., where Fleming worked in 1974, and not Scotia Employees Association, where Fleming worked in 1975. In all, despite having found that Fleming had no coal-mine employment in 1972, the ALJ credited him with five years of work in the five-year period between 1970 and 1974.

The ALJ credited Fleming with three years of employment at Scotia Employees Associates from 1975 to 1977, despite his not working at Scotia Employees Associates in 1976. (*Id.* at 783.) Again, we will assume the ALJ meant to refer to Scotia Coal Co., where Fleming worked in 1976. (*Id*. at 781.) The ALJ credited Fleming with two and one-half years of employment between 1978 and 1980, (*id*. at 783), and with three years of employment in 1985, 1988, and 1989 for his work at Everidge & Nease Coal Co. Inc. and Wampler Bros. Coal Co. Inc. (*Id*.) Finally, the ALJ credited Fleming with an additional year of work in 1989 for his work at Aberry, along with another two years of work in 1990 and 1991. (*Id*.) This gave Fleming an additional eleven and one-half years of coal-mine employment, for a total of sixteen

and one-half years.   The ALJ determined that Fleming qualified for the fifteen-year service presumption under the BLBA, and awarded benefits.  (*Id*. at 785.)

On July 31, 2015, the Benefits Review Board affirmed the ALJ's decision.  (*Id*. at 1-18.)

## II.  Analysis

Our review "focuses on whether the ALJ's decision is supported by substantial evidence."  *Island Creek Ky. Mining v. Ramage*, 737 F.3d 1050, 1056 (6th Cir. 2013) (citing *Jonida Trucking v. Hunt*, 124 F.3d 739, 742 (6th Cir. 1997)).  "In determining the length of coal mine employment, the administrative law judge may apply any reasonable method of calculation."  *Melvin E. Muncy, Claimant-Petitioner*, BRB No. 11-0187 BLA, 2011 WL 6140705, at *4 (DOL Ben. Rev. Bd. Nov. 30, 2011); *see also Shackleford v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, 911 F.2d 733 (table) (6th Cir. 1990) (holding the same).  In reviewing the ALJ's determination, we may not "reweigh the evidence or substitute our judgment for that of the ALJ."  *Island Creek Ky. Mining*, 737 F.3d at 1056 (quoting *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001)).  "A remand or reversal is only appropriate when the ALJ fails to consider all of the evidence under the proper legal standard or there is insufficient evidence to support the ALJ's finding."  *Id.* (quoting *McCain v. Dir., Office of Workers Comp. Programs*, 58 F. App'x 184, 201 (6th Cir. 2003)).

A claimant is entitled to a presumption that he is totally disabled under the BLBA if he can show that he had fifteen years of coal-mine employment.  30 U.S.C. § 921(c)(4).  A claimant can only be credited with one year in a given year in coal-mine employment, regardless of the method used to determine whether a claimant's evidence and testimony establish that he or she worked for that year.  Twice, the ALJ found that Fleming worked for two years in one calendar year.  The first time was 1971, when the ALJ credited Fleming with a full year of employment at High Point Coal Co., a second full year of employment at Archer & Club Coal Co., and a partial third year of employment overlapping the first two at the POM Corp.  The second time was 1989, when Fleming received credit for a full year of employment at Wampler Bros. Coal Co. Inc. and a second full year of employment at Aberry.  In finding that Fleming established sixteen

and one-half years of employment, the ALJ created two additional years of work that cannot exist.

The record also shows that in 1970, Fleming worked in non-coal-mine employment at the Broad Water Beach Hotel in Biloxi, Mississippi in the fourth quarter of the year. (App. at 548.) Fleming's SSER shows coal-mine employment at Peem Coal Co. in 1970 only in the third quarter of 1970. (*Id.* at 547.) Even assuming Fleming had a significant amount of under-the-table coal-mine employment with Peem not reflected in the SSER, there was at least a one-month period in 1970 where Fleming was working for a different, non-coal-mine employer.

The ALJ committed a similar error in crediting Fleming with a full year of coal-mine employment in 1991. At a 1995 deposition, Fleming testified that his employment with Aberry ended in April 1991. (*Id.* at 786.) In 2012, during the course of this claim, Fleming testified that the same employment ended in August or September of 1991. (*Id.*) Even if we were to accept the ALJ's assumption that the later-in-time testimony, given twenty-one years after Fleming stopped working for Aberry, could be more trustworthy than the earlier sworn statement, it also means that Fleming had no employment whatsoever for the final three months of 1991. Accordingly, Fleming could only be credited with three-quarters of a year of coal-mine employment in 1991.

The ALJ found that Fleming worked sixteen and one-half years in coal-mine employment between 1970 and 1991, largely by expanding Fleming's coal-mine employment history to cover any period of employment not otherwise accounted for during that period (and even a few that were). Basic reason compels us to exclude two double-counted years of coal-mine employment in 1971 and 1989. It also compels us to exclude at least four months of work, one in 1970 and three in 1991, because no evidence shows that Fleming was employed in coal-mine work during that time. A reasonable calculation based on the substantial evidence presented would allow the ALJ to conclude that Fleming had no more than fourteen years and two months (sixteen years and six months minus the two years and four months outlined above) of coal-mine employment. Fleming is therefore not entitled to the presumption of total disability under the BLBA, and his claim must be assessed without that presumption.

### III.  Conclusion

For the reasons set forth above, we **REVERSE** the award of benefits by the Benefits Review Board and **REMAND** for proceedings consistent with this opinion.

---

**CONCURRENCE IN THE JUDGMENT**

---

BATCHELDER, Circuit Judge, concurring in the judgment. I concur in the majority opinion, but write separately with regard to Part II to explain my understanding of the ALJ's errors in calculating Fleming's years of coal-mine employment.

"This court's role in reviewing an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's conclusions." *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 708 (6th Cir. 2002). "In deciding whether the substantial evidence requirement is satisfied, we consider whether the administrative law judge adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record in deciding either to award or deny benefits." *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997) (citing *Director, OWCP v. Congleton*, 743 F.2d 428, 430 (6th Cir. 1984)). The BIA was required by statute to affirm the ALJ's Decision and Order if the findings are "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921.

As Administrative Appeals Judge Boggs stated in her dissenting opinion, "the administrative law judge did not make a determination regarding the specific starting and ending dates for various employers, or reconcile employment time periods in instances where the dates are overlapping, or explain how he calculated partial years of employment." The ALJ's opinion is so inexact that it makes impossible any attempt to understand for which years he credited Fleming with one year of coal-mine employment.

The regulations are clear about the number of days required to comprise a year of coal-mine employment:

> (32) Year means a period of one calendar year (365 days, or 366 days if one of the days is February 29), or partial periods totaling one year, during which the miner worked in or around a coal mine or mines for at least 125 "working days."
>
> . . .

(i)  If the evidence establishes that the miner worked in or around coal mines at least 125 working days during a calendar year or partial periods totaling one year, then the miner has worked one year in coal mine employment for all purposes under the Act. . . .  Proof that the miner worked more than 125 working days in a calendar year or partial periods totaling a year, does not establish more than one year.

20 C.F.R. § 725.101(32).  The ALJ, however, made no mention of these requirements.  For instance, with regard to the years 1970 thru 1974, the ALJ stated:

Claimant testified regarding each of these employers.  He said he worked for Peem Coal Company in 1970 and stated 'I know I was there close to a year.'  The earnings record shows Claimant only earned $72.00 in 1970.  Claimant next testified he worked for High Point Coal Company in 1971.  Claimant only earned $57.50 according to the earnings record although he testified he 'worked there almost a year.'  Claimant was asked about his coal mine employment with Archer and Club Coal Company where earnings records indicated he only made $200.00.  However, Claimant testified: 'I worked there for about a year, maybe longer.'  Next, Claimant was asked about the records which showed earnings from T.O.M. [sic] Corporation in Ann Arbor, Michigan.  Claimant testified his work was not in Ann Arbor, but the Corporation in Ann Arbor was the parent corporation of Eastern Kentucky Coal Company.  Claimant's earnings from this corporation establish at least one year of employment.  Claimant's testimony of working with Brownley Ketterson, Inc, A & E Coal Company, and Governor Elkhorn's along with his earnings record establishes one year of Employment during this period.  Claimant's Employment with Scotia Employees Association in 1974 brings his total to five years of employment.

And even though this was the ALJ's second attempt at calculating Fleming's coal-mine employment, the ALJ gave virtually no explanation or reason for his crediting Fleming with five years of coal-mine employment during this period.  It even appears that the ALJ credited Fleming with two years of coal-mine employment for 1971 based on his testimony that he worked for "almost a year" at High Point in 1971, and "about a year, maybe longer" at Archer Club Coal, also in 1971.  But the regulation clearly prohibits that. 20 C.F.R. § 725.101(32)(i). ("Proof that the miner worked more than 125 working days in a calendar year or partial periods totaling a year, does not establish more than one year.").  Further, as Judge Boggs's dissent pointed out, while the ALJ stated that he accepted Fleming's testimony, "he did not adequately explain how he resolved the discrepancy between claimant's testimony that claimant worked five years of coal mine employment during the period from 1970 to 1974 with claimant's testimony,

as supported by the SSA earnings records, that he worked in construction in Florida for one year during the same period of time."

The ALJ also erred by crediting Fleming with two years of coal-mine employment for 1989. Here, the ALJ gave Fleming credit for six years of coal-mine employment in a period of five years, stating "[c]laimant's earnings with Everidge & Neece [sic] Coal [1985] and Wampler [1988 and 1989] establish an additional three years and his Employment with Aberry Coal from 1989 through 1991 establish another three years of employment."

The ALJ based his decision almost entirely on Fleming's testimony, which at many points either conflicted with or was unsupported by the Social Security Earnings Reports, and the ALJ merely mentioned—but did not address—Aberry Coal's arguments against his calculations. At no point in the ALJ's Decision and Order did he make any attempt to show how Fleming accrued at least 125 days of coal-mine employment in any of the questionable years.

I would reverse the BIA's order for the reasons laid out in Judge Boggs's thorough dissent, and remand for further proceedings consistent therewith.